JUDGE GARDEPHE

# 19 CV 11192

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT HUDSON,
           PLAINTIFF,

-AGAINST-

DUTCHESS COUNTY JUDGE PETER FORMAN,
PETER FORMAN INDIVIDULLY ,
DUTCHESS COUNTY SUPREME COURT
SURROGATE'S JUDGE MICHAEL G, HAYES,
THE DUTCHESS COUNTY CLERK,
DUTCHESS COUNTY PUBLIC DEFENDER
THOMAS ANGELL,
ATTORNEY, DUTCHESS COUNTY ATTORNEY,
THE COUNTY OF DUTCHESS,
           DEFENDANTS.

---

Case No.._____

Jury trial Demanded

COMLAINT UNDER
THE
14TH AMENDMENT  TO
CONESTITUTION OF THE
UNITED STATES

INDEX TO EXHIBITS PAGE 22

## PLAINTIFF'S CONTACT INFORMATION

1. The Parties to this Complaint
   PLAINTIFF,
   OWNER OF ROAD IN FEE
   ROBERT HUDSON
   254 HICKS HILL ROAD
   STANFORDVILLE, N.Y.S. 12581
   Telephone # 8452331922
    Email address   a2104867

## DEFENDANTS CONTACT INFORMATION

1. DUTCHESS COUNTY JUDGE, PETER FORMAN
   10 MARKET STREET
   POUGHKEEPSIE, NEW YORK 12601
   845-431-1710
   FAX 845 431 1743

2. DUTCHESS COUNTY ACTING SUPREME COURT JUDGE, PETER FORMAN
   10 MARKET STREET
   POUGHKEEPSIE, NEW YORK12601
   845 431 1710
   Fax 845 431 1743

## DEFENDANTS CONTACT INFORMATION CONTINUED

3. PETER FORMAN
   10 MARKET STREET
   POUGHKEEPSIE, NEW YORK,
   12601  Phone  845 431 1710
   FAX 845 431 1743

4. Dutchess County Supreme Court Judge Michael Hayes
   10 Market Street
   Poughkeepsie, N.Y. 12601    Phone 845 431 1710
   Fax 845 431 1743

5. DUTCHESS COUNTY DISTRICT ATTORNEY
   236 MAIN STREET,
   POUGHKEEPSIE, NEW YORK12601
   Phone 845 486 2300
   FAX 845 231 1743

6. DUTCHESS COUNTY CLERK
   22 Market Street
   Poughkeepsie, N.Y. 12601
   Phone 845 486 2300
   Fax 845 231 1743

7. DUTCHESS COUNTY PUBLIC DEFENDER, THOMAS ANGELL
   45 MARKET STREET
   POUGHKEEPSIE NEW YORK 12601
   PHONE 845 486 2280
   FAX 845 486 2266

N.Y.S. Supreme Court Case 1074 Civ 2017 Decision of Judge Forman Against Robert Hudson
      Robert Hudson filed a N.Y.S. Highway Law Article 11 Miscellaneous, Section 300 Private Road application, with Town of Pine Plains, Superintendent, Heather M. Wilson. and under N.Y.S. Constitution Article1 section 7 (c) Private Roads may be opened in the manner to be prescribed by law; but in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof shall be first determined by a jury of freeholders, and such amount, together with the expenses of the proceedings shall be paid by the person to be benefited. Approved by vote of the people November 8, 1938. The Town of Pine Plains Superintendent of Highways, Heather M. Wilson. Heather M. Wilson stated that Robert Hudson was wasting paper filing the Application.
      Robert Hudson filed an appeal Petition Application in the Dutchess County Supreme Court case Number 1074 civ 2017(Exhibit 4 page 104-105 1074 civ 2017 Highway law Section 300-Private Road REQUEST FOR JUDICIAL Intervention). This RJI was files with 2 Application on Appeal each with 22 exhibits, Petitions May 9, 2017 with 22 exhibits. The Defendant Town of Pine plains Superintendent, Heather Wilson answered on June 15, 2017. Acting Dutchess County Supreme Court Judge Peter Forman entered a decision and order denying Robert Hudson's Highway Law, Private road Application EXHIBIT 4 page 73 through 79. The Supreme Court of N.Y.S. Appellate Division [4th] Judicial Dept. In the Matter of John Siwela Petitioner Appellant, vs the Town of Hornllsville Et al.. Property owner brought action against town superintendent to compel them to empanel jury to consider owners application to lay out private road. The Supreme Court Steuben County denied Application. Owner appealed. Holdings: The Supreme Court Appellate Division held that: (1) application to law out road was not incomplete, and (2) owners contention with respect to necessity of road was issues of fact to be determined by Jury. Reversed.

BASIS FOR JURISDICTION
THE BASIS FOR JURISDICTION IS THE FOURTEENTH AMENDMENT
OF THE
CONSTITUTION OF THE UNITED STATES A FEDERAL QUESTION

STATEMENT OF CLAIM

Robert Hudson's Indictment by Grand Jury for use of Hicks Hill road to Robert Hudson's home and Agricultural property in the 21 Agricultural District that Robert Hudson has used fir 38 years; Robert Hudson holds his home and property as an estate in fee simple that Robert Hudson's children will inherit. Robert Hudson's Real Property was purchased at a Dutchess County delinquent tax land sale.

Robert Hudson was indicted by Grand Jury in Dutchess County on the following Charges;
1. B misdemeanor criminal trespass, third degree 140.10, date added 12/13/2018

2. E felony criminal contempt 3rd degree -1st order of protection, 215.51 added 12/13/2018

3. Felony criminal mischief 2nd degree145.10 date added 12/13/2018

4. Felony criminal first Degree215.51 /protection 12/13/2018

5. Misdemeanor criminal contempt 2d 215.50 disobey CRT 12/13/2018

Judge Peter Forman dismissed 1.Misdemeanor Criminal Trespass on day of Trial before trial

Robert Hudson was arraigned in the Pine Plains Court on the charge of Trespass in June of 2018 and indicted on the Charge of Criminal Trespass by a Grand Jury in December 0f 2018
On the October 21, 2019 the first day of trial before any evidence was submitted the Dutchess County Judge Peter Forman removed the charge of Trespass against Robert Hudson to prevent Robert Hudson from pleading right by title by Adverse Possession to road over the land of the Common Grantor, Sampson Sheldon Broughton as a defense to Robert Hudson's use of the Common Grantor road the Robert Hudson's right of way from the main road over the road over the complainants property to Robert Hudson's home and property.

3

# In Trespass Action Defense of Title by Adverse Possession

## Under 51 NY Jur TRESPASS Section 30. **Title and other right..**

Ownership together with the right of possession is a defense to liability for trespass, Ives v Ives 13 Johns 236 The owner of land is not guilty of trespass in removing a fence erected on the land by an adjacent land owner. Dunham v Stuyvesant, 11 Johns 569. in trespass the jurisdiction is arrested if the defendant pleads title or if it appears by the plaintiffs own showing that title to land is in question. Collar v Ulster & Delaware R. Co. 72 Misc 274, 131 NYS 56. The defense of adverse possession, where the possession was under claim of right or title is a defense to an action brought by a Plaintiff alleging a trespass to the land in question. See NY Jur. ADVERSE POSSESSION AND PRESCRIPTION SECTIONS 20, 37. In Trespass Action Adverse Possession is a Defense to an action brought by a Plaintiff alleging a trespass to the land in question. 18. defendant had shown sufficient evidence to warrant a claim of Adverse Possession and a good defense against a trespass action where it appears that he had regularly cut grass on certain meadowlands and taken it away, this being the only use that could be made of the land which was not susceptible of being tilled. Shinnecock Hills & P.B. Realty co.  v  Aldrich, 132 AD 118, 116 NYS 532, affd 200 NY 533, 93 NE 1132. Where the defendant has a right of way over certain land, he is not guilty of trespassing tearing down gates or removing a fence which interferes with his right. Immaculate Conception Church v Sheffer, 88 Hun 335, 34 NYS 724, affd 156 NY 670, 50 NE 1118.

ANNOTATION:

Right to maintain trespass for interference with right of way. 47 ALR 555.

Robert Hudson's document (ENTITLED PLEA OF TITLE BY ADVERSE POSSESSION was submitted EXHIBIT 1. page 23 through 29) to Dutchess County Court on October 22, 2019 the second day of trial, was the N.Y.S. law of Adverse Possession Section 512. Essentials of adverse possession under written instrument  or judgment. For the purpose of constituting an adverse possession  by a person claiming title founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases: 3. Where although not enclosed, it has been used for the supply of fuel or of fencing timber, either for the purpose of husbandry or for the ordinary use of the occupant.

Robert Hudson's Plea of Adverse Possession

Robert Hudson, purchased, two (2) properties upon (Hicks Hill Road Rear, the road listed upon Robert Hudson's deeds EXHIBIT 3 page 34 through38); The properties were purchased at a Dutchess County Delinquent Tax Land Sale, conducted by the Dutchess County Treasurer under Article 10 of Real Property Tax Law; The Delinquent Tax Land Sale was held July 17, 1979 and two Deeds were issued to Robert Hudson and dated August 6, 1979.

For the past 40 years Robert Hudson have owned and developed my two (2) agricultural properties in the 21 Agricultural District with Robert Hudson's home thereon in the Town of Pine Plains in the County of Dutchess N.Y., Robert Hudson's Deeds EXHIBIT 3, page 34 through 38 listed Dutchess County Tax Map grid Numbers 12-6770-00-285878-00 and 12-6770-00-316872-00. the properties are each listed upon the Dutchess county 1979 Tax Polls as Hicks Hill Road Rear and are, adjacent and juxtaposed.

For the second time in forty years the Varneys have placed a fence across the road on south side of the Varney property known upon the Dutchess County Tax Rolls as Hicks Hill road rear; though many fences were put up across Hicks Hill Road rear over the Varney property over the past 40 years I Robert Hudson have removed them all and brought the tools Sheep and Goat fencing, fuel, goats and machinery to improve defendant, Robert Hudson's home and property.

The second assigned Dutchess County Court Judge, Peter Forman was assigned as judge over this criminal prosecution of, Robert Hudson even though the same Judge, acting Supreme Court Judge, Peter Forman had made a decision against Robert Hudson Petitioner's Article 300 Highway Law, Private Road application petition on appeal; And the court ordered that the Varneys be named as defendants over Petitioner Applicant, Robert Hudson's objections that the Varney's could be named as party defendant, Dutchess County Supreme Court Docket No. cv 1074/2017 Robert Hudson vs. Town of Pine Plains Superintendent of Highways, Heather M. Wilson.

Robert Hudson's appearances before the Dutchess County, Criminal Court Psychiatrist, January 1, 2019, January 2, 2019
Court January 10, 2019
    January 29, 2019
    February 21, 2019
    March 7, 2019
    May 7, 2019
    May 20, 2019
    June 13, 2019
    June 20, 2019

July 16, 2019
July 30, 2019
October 17, 2019 Judge granted Defendant, Hudson right to defend himself
October 28, 2019 Trial date
October 21, 2019 trial date moved up

When Robert Hudson first appeared before Judge Peter Forman in the Dutchess County Court, Robert Hudson told Judge Peter Forman that Robert Hudson would represent himself; Judge Peter Forman stated that Judge Forman's friend, who is head of the Dutchess County Public Defenders office, Thomas Angell, that Judge Forman stated he knew for so long, would represent Robert Hudson; Robert Hudson objected, stating that Robert Hudson will defend himself. Judge Forman dismissed Robert Hudson's objection and order that Thomas Angell would represent Robert Hudson. Judge Forman speaking to Robert Hudson for more than five minutes had threatened Robert Hudson with 8 years in jail and ordered that Thomas Angell would take Robert Hudson's right to defend himself. Robert Hudson physiatrist report show Hudson was able to represent himself.

Robert Hudson brought into the Dutchess County Criminal Court case 00136, Robert Hudson's entire civil action Application appeal petition with 24 exhibits for Private Road under, Highway Law Article 300 private road application from the Dutchess County Supreme Court Docket No.1074/2017. Robert Hudson's Dutchess County Supreme Court 1074/2017 Petition on appeal and 24 exhibits, were served in the Robert Hudson's Dutchess County Criminal case 00136/2018 by process server, with service upon the District Attorney and service was made upon the Dutchess County Criminal Court. The record has been also in this case been submitted to U.S.D.C.S.D of N.Y..

On or about May 20, 2019 Robert Hudson was placed back in jail for the remainder of a previous 90 day sentence upon a previous Trespass charge over the Varney property.

On or about the 21 of May 2017 Robert Hudson upon Criminal case 00136 was ordered before Dutchess County Supreme Court, Surrogate Judge, Michael Hayes. At this time a new Public Defender was assigned to Robert Hudson was before Judge Hayes. At this time N.Y.S. Supreme Court Judge Michael Hayes, ordered Robert Hudson not to file any documents in the Dutchess County Criminal Court Case 00136 without first having approval of the Public Defender.

From the out set Public Defender Thomas Angell had denied Robert Hudson the right to sign Robert Hudson's 9 subpoenas; to have defendants 9 witnesses subpoenaed to court to testify against the charge of trespass by adverse possession. And Robert Hudson was denied to talk to Judge Forman while Public Defender was representing Robert Hudson.

On or about October 16, 2019 Robert Hudson filed a United States District Court complaint in the Southern District of New York against Judge Peter Forman ET-AL for the denial of Robert Hudson's U.S. Constitutional rights to Robert Hudson's right to trial by jury and to defend himself unhindered.

On the following day Thursday October 17, 2019 Dutchess County Court Judge, Peter Forman ordered that Robert Hudson could represent himself and that Public Defender, Thomas Angell would act as counsel. Robert Hudson had previously asked the Public Defender Thomas Angell, Representing Hudson, to Sign Robert Hudson's subpoenas and Angell refused to sign Robert Hudson's Subpoenas.

Again Defendant, Hudson's asked Counsel Thomas Angell to sign Robert Hudson's Subpoenas to validate the subpoenas but Thomas Angell again refused to sign Robert Hudson's subpoenas.

Judge Forman had set a new Trial by Jury date for October 21, 2019 just one working day after Robert Hudson had been granted by Dutchess County Court, Judge Forman, the right of Robert Hudson to defend himself.

On October 17, 2019 Robert Hudson asked Judge Forman for an extension of time to subpoena witnesses and to prepare a defense against the charges all relating to trespass; Judge Peter Forman denied Robert Hudson's request for an extension of time, and maintained the rescheduled trial date of October 21, 2019.

The Dutchess County Grand Jury had indicted Robert Hudson on the above listed charges including the charge of Criminal trespass. Robert Hudson had plead title to all the charges. On October 21, 2019 the first day of the trial proceedings Judge Forman called Robert Hudson to cloistered proceedings in his chambers, outside of public view; in Judge Foreman's Chambers. Judge Forman sat 4 feet across the conference table facing Robert Hudson on the other side of the Conference table from Robert Hudson at this time Judge Forman dismissed the Charge of Criminal Trespass 140.10; Defendant Hudson stated all the charges were all related to the criminal charge of trespass and Judge Forman would have to dismiss all the associated charges against Robert Hudson, related to the charge of trespass of Robert Hudson; Robert Hudson stated that all the criminal charges were related to the trespass by the Doctrine of Collateral Estoppel; which required that if the charge of trespass were dismissed all the charges were bound by to the charge of trespass. At this time Judge Forman did not speak; and Judge Forman just threw his hand in the air and smiled: Robert Hudson's Counsel, Thomas Angell didn't

speak. At this time the District Attorney corrected Robert Hudson's pronunciation of the words collateral estoppel. The Stenographer took the transcripts

Robert Hudson had told Thomas Angell on many occasions not to call Robert Hudson's wife again. On Thursday November 14, 2019 Public Defender Thomas Angell called Robert Hudson's wife and stated that there was a motion that needed Robert Hudson's approval before the motion could be submitted to the Court. Robert Hudson's wife has been under a lot of strain and Robert Hudson's son threw Robert Hudson on the ground because of the grief that this case is causing Robert Hudson's wife. Angell's Phone call caused Robert Hudson's son to throw Robert Hudson on the ground.

On November 19, 2019 Robert Hudson, had to go to the Dutchess County Probation Department before sentencing for the conviction of two felonies and two misdemeanors on December 15, 2019. Robert Hudson was late and went to Public Defender Thomas Angell's office; Robert Hudson signed as the author, of the Angell, motion that never mentioned the Doctrine of Collateral Estoppel that Robert Hudson had brought up before Judge Forman in conference on October 21, 2019 and Robert Hudson never saw any of the transcripts related to the Motion and 20 minutes later called Thomas Angell to tell Thomas Angell not to submit motion; Robert Hudson again called Thomas Angell to tell him not to submit the motion to the court

On November 19, 2019 in Public Defender office, Thomas Angell stated that Robert Hudson should allow Thomas Angell to Defend Hudson's right to the road and Thomas Angell stated that Robert Hudson would have an Easement. Robert Hudson stated that Robert Hudson will defend himself and receive the road to his Home and Estate in Fee that the County of Dutchess sold to Robert Hudson; Thomas Angell stated "that's not going to happen".

When the District Attorney made a Molenx motion to say that the complainant Varney did not see defendant, Robert Hudson break the fence placed at Hicks Hill Road on the south border of the Varney property. Robert Hudson then submitted an affidavit that stated that I ROBERT HUDSON DID BREAK THE FENCE, placed across Robert Hudson's road to his home and property that Robert Hudson used for 40 years.

When the selection of the jury was made Robert Hudson was not allowed to know the addresses of the Jurors that were selected.

In Robert Hudson's, Town of Pine Plains Trial by Jury with similar Trespass charges related to Robert Hudson's Trespass over the Varney property at which time Robert Hudson was given names and addresses, of all prospective jurors.

The District Attorney put into evidence a small Dutchess County Real Property Tax Services-Dutchess County Pine Plains 6770 Topographical Contour Map; This Dutchess County 6770 map showed both the Robert Hudson's Home and properties and of the complainant Varney properties on this one tax Map; Before the jury Robert Hudson put into evidence the same (Dutchess County 6770 Real Property Tax Services Map only much larger EXHIBIT 5. pages 106 and 107), this full sized legible copy of the District Attorney's Dutchess County, Pine Plains 6770 topographical map; by this map Robert Hudson explained to the jury where the Robert Hudson's land and the Varney land and the main road is. The Court then struck from the record of the Court, the full sized Topographical Map; but maintained the States small 6770 map.

Robert Hudson was not allowed any witnesses and Robert Hudson was not allowed to speak of any road or to submit the Complainant Varney, Robert Hudson Tax Map; or to submit Defendant's deeds or to speak of any defense by title, or adverse possession of the Road Robert Hudson claimed right to use.

The Jury upon deliberation called Defendants large 6770 topographical map into the jury chambers. But after Robert Hudson was convicted the large 6770 topographic map was deleted from evidence from the court record.

STATES WITTINESS THE TOWN OF PINE PLAINS ASSESSOR

On October 22, 2019 the District Attorney called the Town of Pine Plains Assessor to testify against Robert Hudson and the Pine Plains Town Assessor testified against Robert Hudson's property and deed. The Town of Pine Plains is where Robert Hudson's estate is located. The Assessor stated to the jury that Robert Hudson had a quit claim deed; but that was not true at all; and the Town of Pine Plains Assessor had no knowledge or information regarding the charges against Robert Hudson or what kind of deed Robert Hudson held.

Robert Hudson did not cross examine the Pine Plains Assessor; but on the following day Robert Hudson submitted a document entitled (objections to removing the charge of trespass EXHIBIT 2. page 30 through 33). In which the Robert Hudson stated; that removing the charge of trespass denied Robert Hudson to plead Title or present a defense against the charges that were part of the Trespass charge.

Robert Hudson purchased his deeds to his properties at a delinquent tax land sale on July 17, 1979. (Robert Hudson deeds EXHIBIT 3. page 34 through 38 are dated August 6, 1979, These deeds are also in this USDCSD of NYoriginal Complaint) , conducted by the Dutchess County Treasurer under the Laws of N.Y.S.; THE NEW YORK STATE COURT OF APPEALS STATED " [t]he purchaser of property at a tax sale* * * acquires a new

and complete title to the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it." (Melahn v Hearn, 60 NY2d 944, 946).

Robert Hudson's properties were sold to Robert Hudson  N.Y.S. REAL PROPRTY TAX LAW, LAWS OF 1959 Chapter 959 AN ACT in relation to assessment and taxation of real property constituting chapter 50-a of the consolidated laws. REAL PROPERTY TAX LAW ARTICLE 10 Enforcement of collection of delinquent taxes.  Section 1020. Effect of Conveyance 1. a conveyance by the county treasurer pursuant to section ten hundred and eighteen of this chapter shall vest in the grantee an absolute estate in fee, subject however, to (a) all all claims of the county, village, towns, city or state for taxes, liens or other encumbrances and subject to all easements and rights of way which were in existence at the time of the levy of the tax the non payment of which resulted in the tax sale.
SECTION 1018 Conveyance by the county treasurer
          1. If any parcel of real property sold for taxes is not redeemed within the time limited as provided, upon application in writing the county treasurer shall execute to the purchaser a conveyance of the real property sold, the description of which shall include a specific statement of the title or interest thereby conveyed so far as appears on the record in his office.
          Robert Hudson's deeds listed his properties on Hicks Hill Road Rear.
          2. Every such deed shall be executed by the county treasurer.

2 NY Jur ADVERSE POSSESSION
Section 34 Tax deed or title;
  It has been held that a tax deed regular on its face, which contains a description sufficient to enable location and identification of the land reported to be conveyed, constitutes color of title or a written instrument upon which to base adverse possession, even though it is actually void and might be so declared in an appropriate proceeding, and although it failed as a conveyance.8
Peattle v Gabel, 155 AD 786, 140 NYS 993.
Finaly v Cook, 54 Barb 9.

STATES WITTINESS, DUTCHESS COUNTY ASSISTANT CLERK
          And the Dutchess County Assistant Clerk in charge of the records room who was also called by the District Attorney to testify against Robert Hudson; the Clerk also had no knowledge about or in regard to the charges against Hudson, and Robert Hudson did not cross examine.

On the second day of trial Robert Hudson submitted (EXHIBIT 2. page 30 through 33), Robert Hudson's objection to removal of the charge of trespass before Trial and the Prosecution wittiness, Town of Pine Plains Tax Assessor stating upon the wittiness stand that Robert Hudson held only a quick claim deed).

Robert Hudson cited the doctrine of collateral estoppel on October 21, 2019 in the Judges chambers and Robert Hudson had made two motions to remove Judge Peter Forman and Dutcess County Public Defender, Thomas Angell; The Two motions were also in part Robert Hudson's Plea of Title against the charge of trespass and related charges.

The Dutchess County District Attorney asked the Robert Hudson to approve Robert Hudson's signature upon the District Attorney's redacted Robert Hudson's Motion to remove Judge Peter Forman and Motion remove Public Defender, Thomas Angell from the Dutchess County criminal action 00136 against Robert Hudson.

Robert Hudson refused to authorize the District Attorney to remove Robert Hudson's words on any page of Robert Hudson's two Motions to Dismiss Judge Peter Forman and Public Defender, Thomas Angell; because Robert Hudson refused to authorize any alteration to Robert Hudson's Motions; The District Attorney, the Public Defender Thomas Angell, the County Court Judge Peter Forman and the N.Y.S. Appellate Division Second Judicial Department were each served the Motion to Dismiss Judge Peter Forman, and Public Defender, Angell in accordance with N.Y.S. CPLR Article 308 SERVICE OF SUMMONS and complaint.

The District Attorney then called as a prosecution wittiness the Notary Public that notarized Robert Hudson's name upon the Motion to Dismiss Judge Peter Forman and Thomas Angell that had 6 tabed exhibits Dated by notary Public Carolyn Lewis September 4, 2019 therewith (EXHIBIT 4 pages 39 through 104). The Dutchess County District Attorney then showed the original Robert Hudson's Motion to Dismiss Judge Peter Forman and to Dismiss Public Defender Thomas Angell and not the redacted Motion that the District Attorney was seeking to have placed in into evidence in place of Robert Hudson's Motion to Dismiss Judge Forman and Public Defender Thomas Angell.

The District Attorney wanted to replace Defendants Motion to Dismiss Judge Peter Forman and Motion to dismiss Public Defender, Thomas Angell with Robert Hudson's Notarized signature upon Robert Hudson's motion with blank pages without any writing on any page.

Judge Peter Forman and the district Attorney also wanted to replace Robert Hudson's document entitled Plea of Innocent, Robert Hudson's plea of Title, Robert Hudson's Plea of Adverse possession and Robert Hudson's demand for Trial by Jury, Dated by N.Y.S. Notary Public, Maria Bobral, January 9, 2019.

STATES WITTINESS NOTARY PUBLIC CAROLYN Y LEWIS

The District Attorney asked the Notary Public, Carolyn Y Lewis N.Y.S. No. 01LE6309246 to identify Robert Hudson's name on Robert Hudson's (original Motion to Dismiss Judge Forman and Public Defender, Thomas Angell. Stamped Received by the Appellate division Second Department September 13, 2019 EXHIBIT 4) The District Attorney then asked the Notary Public to point Robert Hudson out and identify Robert Hudson while Judge Forman observed all.

Robert Hudson upon cross-examination asked the Notary Public, Carolyn Lewis one question "would you notarize a name to a document that was blank with no writing upon it". The Notary Public answered that she would not notarize a Signature name on a page that was blank..

It was Robert Hudson's original Motion to Dismiss Judge Peter Forman and Motion to Dismiss Public Defender Thomas Angell that the Notary Public was shown by the Dutchess County District Attorney to authorize but it was the redacted motion, the motion with all the words removed, that the District Attorney sought to replace Robert Hudson's Motion to Dismiss Judge Forman with.

On the Morning that the Notary Public took the wittiness stand in Robert Hudson's trial the Notary Public stated to Robert Hudson "that it was a violation of law to notarize a Signature on a document or a page that was blank".

It was Robert Hudson's original Motion that the District Attorney submitted to the Notary Public, to state that Robert Hudson signed it; it was the Robert Hudson unedited, un-redacted Motion to Dismiss Judge Peter Forman and Dismiss Public Defender Thomas Angell; But the District Attorney replaced the redacted Motion with Robert Hudson's Motion to Dismiss by the District Attorney. And the District Attorney's redacted motion is now all that remains of Robert Hudson's Motions to dismiss Judge Peter Forman and Public Defender Thomas Angell. As Robert Hudson's Counsel Thomas Angell did not say one word to Robert Hudson of what the District Attorney was doing. These Robert Hudson's Motions were Robert Hudson's basis for Robert Hudson's plea of title, against all these charges related to the Trespass charge.

The two motions that were served upon Judge Forman and the District Attorney were the only way that Robert Hudson could enter a plead Title against the Supreme Court's and the Dutchess County Court's denying

Robert Hudson's right to defend against the Charge of Trespass and the other four charges relating to the Trespass Charge in this action.

Robert Hudson's Motion to Dismiss Dutchess County Criminal Court Judge Peter Forman, Motion to allow Robert Hudson to subpoena witnesses, Motion for a fair and speedy trial and due Process of law Notarized September 3, 2019. In this Motion at EXHIBIT 4, page 88 and 89 Robert Hudson property and the trespass complainant, Varney property were stated to both be part of one common Grantors Land, Sampson Sheldon Broughton in Dutchess County Deed book 2-b page 54 listed in the original Dutchess County Supreme Court 1074/2017 complaint, submitted to this court.

Under New York Jurisprudence Volume 61 TRESPASS TO TRUSTS 1968 The Lawyers co-operative Publishing co. Westchester New York – Baker Voorhis and Co Inc. Mt Kisco N.Y. – VII EVIDENCE Section 35 Generally. The broad rules of evidence in civil actions generally, which are discussed in detail in 21, 22, NY Jur. Evidence are applicable in trespass actions, the discussion here being intended primarily relating to consider matters of evidence peculiarly relating to this type of action. A prima facia case in trespass is made out by showing that defendant's voluntary act directly produced the injury. In showing the title to maintain an action for trespass proof that plaintiff was in possession and claiming title is sufficient prima face evidence to enable him to maintain the action, and no one but the true owner or one connected with the true owner in some way, may impeach such title-Hoyt v Van Alstyne, 15 Barb 568. Recitals in an ancient deed that the grantors were the heirs of the original owner constituted sufficient evidence Section 30 TITLE AND OTHER RIGHT  Where a defendant has a right of way over certain land he is not guilty of trespass in tearing down gates or removing a fence which interferes with the use of his right. New York State Court of Appeals, Immaculate Conception Church v Sheffer, 88 Hun 335, 34 NYS 724, affd. 156 NY 670, 50 NE 1118.

( EXHIBIT 6. pages 108 through 116 - Between July 11, 2019 and September 1, 2019 all 4 of Robert Hudson's 4 goats & Robert Hudson's only sheep were killed and or taken. So that no live stock now exists on Hudson agricultural property. Live stock that Hudson maintained for 20 years.)

Robert Hudson's Motion to Dismiss Dutchess County Court Judge Peter Forman and Motion to Dismiss Public Defender, Thomas Angell had in it 6

tabed Exhibits; Exhibit 5 is the following document.

Criminal Court County of Dutchess

---

People of the State of New York

AGAINST                               N.Y.S. Dutchess County
                                      Criminal Court Index No.000136/2018

Defendant, Robert Hudson.

---

page 7 at page 94
NO CRIME COULD BE COMMITTED BY DEFENDANT, Robert Hudson
31 NEW YORK JURISPRUDENCE SECOND-CRIMINAL LAW
If conduct is all that is all that is required of a particular offense, or is an offense
of some material element thereof does not require a culp-able mental state on the
part of the actor, the offense is one of strict liability CLS Penal Law Section 15.10.
If on the other hand, a culpable mental state on the part of the actor is required with
respect to every mental element of the offense, such offense is one of mental
culpability Most offenders in the penal law must be committed with some culpable
mental state. CLS Penal Law Section 10.10.
    The road stated upon Robert Hudson's deeds is Hicks Hill Road Rear the same
Hicks Hill Road over the Varney Property is stated in the 1936 and 1963 Dutchess
County Pine Plains Real Property Tax Rolls of the N.Y.S. Conservation Dept.
Property 12-6770-00-070610-00 at Exhibit 17 of the Robert Hudson's Dutchess
County Supreme Court Docket No. 1074/2017 Application for private Road under
N.Y.S. Highway law Article 300 adjacent and juxtaposed to Varney property on
the south. The road was stated in Defendant Robert Hudson's predecessor in title
Mary Ann Wilkinson in Dutchess County deed of John Wilkinson and Maryann
Wilkinson Dutchess County Deed Liber book 176 Deed page 205 stated "also a
right to pass through the other part of the farm deeded to Stephen Tompkins."
Steven Tompkins is listed in the Varney Chain of Title, the same right of way
Hicks Hill road that Dutchess County Emergency Response Fire Department teams
used over the Varney property to come to Robert Hudson's Land to put out the fire
in 1983 as shown by the Register Herald Newspaper Article verified by the
Assistant Editor at exhibit 15, this is the same road over the Varney Property that
Robert Hudson has used for the past 40 years for road access to his home and
property and both 00136 Criminal complainants Varney and his caretaker testified
that Robert Hudson used the road for 40 years.

Judge Forman was the Judge over the Criminal Case of Robert Hudson's alleged Trespass and related charges, Judge Peter Forman ordered Public Defender Thomas Angell to represent Robert Hudson over Robert Hudson's objections;

The Robert Hudson's Dutchess County Supreme Court 1074 CIV 2017 Petition and 24 exhibits upon appeal, was submitted into evidence in Dutchess County Criminal Court 00136 proceeding, on the day Robert Hudson was sentenced back to Jail; This same 1074/2017 document of 24 exhibits was submitted in this U.S.D.C. Southern District Complaint.

Hudson submitted 1074/2017 petition into the Dutchess County Criminal case 00136 N.Y.S. and three days later Dutchess County Supreme Court Judge Hayes ordered Robert Hudson into his court and directed Robert Hudson not to file any papers with the court without Robert Hudson's Representative, Attorney's permission. In April 2019 Dutchess County Judge, Peter Forman ordered that Robert Hudson would not be allowed to defend and Represent, himself and that Public Defender, Thomas Angell would Represent, Robert Hudson even when the Physicatric examination exhibit 4 pages 56 through 70 stated that Robert Hudson was qualified to defend himself; On October 17, 2019, The Dutchess County Criminal Court Judge Peter Forman, directed that Robert Hudson could Represent himself, and had moved the Trial date from October 29, 2019 to October 21, 2019 one working day later.

On October 17, 2019 Robert Hudson asked Judge Forman for an extension of time to Subpoena witnesses and prepare for trial but Judge Forman denied Robert Hudson's request.

Robert Hudson was denied the right to submit any evidence of title to the Jury at trial. And the Large topographical Map that the Jury had asked to review as evidence in the trial proceeding, was removed by the court and never allowed as evidence.

In (EXHIBIT 4 Robert Hudson's Plea of title submitted in Robert Hudson's Motion to Dismiss Judge Peter Forman and Motion to Dismiss Public Defender, Thomas Angel) was received with service by the N.Y.S. Supreme Court Appellate Division Second Judicial Department stamped received September 13, 2019.

VARNEY TESTIMONY at Hudson criminal court trial

The Complainant, Sebastian Varney's, Testimony upon cross-examination stated that there was only one road to Robert Hudson Home and property and that was across the Varney land and that Robert Hudson used the road since he was a little boy. Sebastian Varney further stated that Robert Hudson never spoke to Sebastian Varney and that Robert Hudson did not threaten him.

VARNEY CARETAKER TESTIMONY at Dutchess County Criminal Trial

The Complainant Caretaker for the Varney property stated upon cross-examination that there existed only one road to get to Robert Hudson's Home and estate and that only road was over the Varney property to Robert Hudson land and that Robert Hudson has always used the road over Varney property to gain access from the main road over the Varney Property to Robert Hudson's land. The Caretaker of the Varney Property stated that Robert Hudson passed close by to him when Robert Hudson walked over the Varney Property road that leads to the Robert Hudson's land; The Caretaker stated that Robert Hudson did not speak to him and that he was not afraid and that he knew Robert Hudson since he was young.

ROBERT HUDSON TESTIMONY at Dutchess County Criminal court trial

Robert Hudson Testimony on the wittiness Stand in the trial by jury stated that Robert Hudson has used the road over the Varney property to get to his home and estate for 40 years.

Robert Hudson in the Dutchess County Court 00136, Criminal proceeding submitted evidence of Varney, Robert Hudson common grantor in the 1074/2017 petition showed that the Hudson property and the Varney property were both part of Sampson Sheldon Broughton property in the little Nine Partners Tract deed liber 2b page 54. The 1936 Town of Pine Plains p-age 27 Tax Roll of Mary M. Hinkley and the 1963 tax rolls of Mary M. Hinkley show Hicks Hill Rd. on Varney land.

The (Prosecution evidence submitted against Robert Hudson in the trial by jury was Dutchess County, Real Property Tax Services, Pine Plains 6770 Tax Map EXHIBIT 5), This 6770 Topographical Contoured Tax Map was introduced as evidence by the Dutchess County District Attorney it showed both Robert Hudson's property and the Complaint Varney Property upon the same 6770 Dutchess County Tax Map; This Pine Plains 6770 Tax Map was referenced in the Robert Hudson's deed's listing Robert Hudson upon Hicks Hill Road rear, showing of property in Pine Plains, 12-6770-00-285878-00 and 12-6770-00-316872-00 sold to Robert Hudson by the County of Dutchess and the Varney Property upon this same Tax Map. This 6770 Tax Map was the same Tax Map listing the property of Robert Hudson and the Property of the Varney and Hicks Hill Road the Main Road. Robert Hudson's N.Y.S. Supreme Court 1074/2017 application, petition, introduced into Robert Hudson's Dutchess County Criminal Court 00136 prosecution proceeding against Robert Hudson record, held within it a Dutchess County Pine Plains 1975 6770 Tax map a Title search of the Varney property and a title search of the Robert Hudson property. And Robert Hudson mapping description in feet and directions of the road from the main road Hicks

Hill Road over the Varney property that Robert Hudson used for 40 years under the common grantor who owned the Varney and the Hudson lands as one contiguous parcel in the deed of Sampson Sheldon Broughton, Dutchess County liber 2b at page 54.

Dutchess County court Judge Peter Forman would not allow Robert Hudson to plea title or submit any map, tax roll or deed of common grantor into the Trial by Jury. All the charges against Hudson were predicated upon Robert Hudson's trespass upon the common grantors Highway the road over the Varney property and the Wittiness Varney, the Wittiness Caretaker and Robert Hudson all testified that Robert Hudson used the road over the Varney Property for all time and that there was no other road existed to Robert Hudson's Home and property.

Robert Hudson stated on the wittiness stand that he was introducing Robert Hudson's Tax statements from 1984 that showed Robert Hudson's $1800.00 Real Property value and Robert Hudson's tax statement from 2019 that showed Robert Hudson's Real Property value as $200,000.00 to show the increase in Value of Robert Hudson's property upon the grounds that the Robert Hudson's property increase was due to tools, equipment, and farm seeds, sheep and goat fencing and stock being brought over the road over the Varney property to Robert Hudson's home and property. Robert Hudson has 3700 feet of sheep and goat fencing with steel fencing poles every 30 feet enclosing 13 acres of his land. Robert Hudson has brought this fencing and poles at $450.00 per each 300 feet of fence and poles. For 20 years Robert Hudson raised Goats and Sheep upon his property. Robert Hudson still had 4 large goats and 1 ram sheep when Defendant was released from Jail on July 5, 2019 after Robert Hudson had (for the first time in 40 years) served 60 days in the Dutchess County jail for trespass over the Varney property. Thereafter the Sheep and Goats were Stolen and killed. When Robert Hudson went to make a complaint in the Dutchess County Sheriffs office Robert Hudson was refused to be allowed to make a complaint in Poughkeepsie. The Sheriff stated to Robert Hudson that Robert Hudson had to make a complaint in the Town of Pine Plains. Where ever Robert Hudson goes he has the complaint in his pocket.

2 NY Jur Adverse Possession Section 44. Payment of Taxes. Payment of taxes, if coupled with other acts may constitute some evidence of hostile possession.2
New York v Wilson & Co. 278 NY 86, 15 NE2d 408.
United States  v 25.4 acres of land, 52 F Supp 75.


ADVERSE POSSESSION 8 L Ed 320
Section 30 Generally.
Research References
3 Am Jur 2d, Adverse possession sections 9-11, 54-57

ALR Digests Adverse Possession, section 39

The length of time which brings a given case within the legal presumption of a grant, charter or license, to validate a right long enjoyed, is not definite, depending upon its peculiar circumstances. Michael v. United States, 9 Pet 711,

9L Ed 283

(D) Claims; Hostility
section 10 generally

Adverse Possession may exist without actual ouster, Jackson ex dem. Penn, 9Wheat 241

8 L Ed 170

An entry under claim of title sufficiently shows an intention to oust from possession. Probst v Domestic Missions, 129 US 182, 9 S Ct 263.

32 L Ed 642

The possession which will bar the right of the former owner to real property must be open visible, continuous, and exclusive, with a claim of ownership such as will notify the parties that the premises are held adversely to all titles and all claimants. Sharon v Tucker, 144 US 533, 12 S Ct. 720.

30 Led 532

Robert Hudson on the wittiness stand stated that he was introducing his tax statement from 1980 and the present 2019 taxes receipts to show that the value of Robert Hudson's property and estate increased from $1800.00 to $200,000.00 to show that Robert Hudson brought $200,000.00 worth of Agricultural needs and equipment over the Road, Robert Hudson is accused of trespassing upon but Judge Forman stated, Robert Hudson could not introduce Robert Hudson's tax statements.

Payment of taxes is strong evidence of a claim of title and failure to pay taxes is some evidence of an abandonment of any right in or claim to the property.
Holtzman v Douglas, 168US 278, 18 S Ct 65,

42 L Ed 466

(E) COLOR OF TITLE

Section 18. Generally.
Research References
3 Am Jur 2d, Adverse Possession Sections 96-105
ALR Digests: Adverse Possession, section 27

Cross References

Constructive Possession under, see infra, section 53.    One who seeks to set up an adverse possession need not have a good title, or in fact any title, except a possession adverse and hostile to that of the true owner under a pretense or color of title. Pillow v. Roberts, 13 How 472

14 L Ed 228

Page 597.
Section 19. Necessity
Research References
3 Am Jur 2d, Adverse Possession Section 106
ALR Digests adverse Possession, section 28
Page 597
2 NY Jur ADVERSE POSSESSION section 6
Title by adverse possession
ADVERSE POSSESSION
II Elements and Requisites
      a. In General
Section 6. Generally

   The New York state court of appeals has said that there are five essential elements necessary to constitute an effective adverse Possession. Belotti v. Bickhardt, 228 NY 296, 127 N.E. 239
Title by adverse Possession 16 NYU L. Rev 532, 17 NYU L. Rev 44.
(1) the possession must be hostile (4) section 9 et seq ., infra and under claim of right.5 sections 20 et seq., infra (2 )it must be actual;6 sections 24 et seq., infra (3) It must be open and notorious;7 sections 45 et. Seq. infra.  (4) it must be exclusive;8 sections 50 et seq., infra -and (5) it must be continuous 9 sections 55 et seq., infra for the statutory period.10

         Similarly the establishment of a prescriptive right generally depends upon showing a continued and uninterrupted, open and visible use in the land of another which is definite and identical with that claimed as an easement under an adverse user and claim of right for the prescriptive period. Thus generally, the use must be exclusive by the owner of the dominant tenement and must be open peaceable, continuous, and as of right. Moore v. day, 199 AD 76, 191 NYS 731, affd 235 NY 554, 139 NE 732.
Section 7. Necessity of writing or color of title.

   The Court of Appeals has said it is clear that when a defense is founded upon adverse possession, color of title by deed or other documental semblance of right is required, but it is equally clear that neither a deed nor any equivalent instrument is necessary when the possession is indicated by actual possession and any other adverse claim exists. Bilotti  v  Bickhardt, 228 NY 296, 127 NE 239.

    As to possession under a written instrument or judgment see sections 28, infra.

    Except in cases of constructive occupancy, 13. sections 25 infra., it is not necessary that the claim of adverse possession should be founded upon any written instrument whatever.14 Kent v. Harcort 33 Barb 491.

Robert Hudson plead upon the wittiness stand that he held an estate in fee, Petitioner Robert Hudson, stated in the Dutchess County Supreme Court 1074/2017 N.Y.S. Highway Law Private road petition that he claimed an estate in Fee Simple. In the two motions in this Dutchess County Crimonal Court 00136 Robert Hudson always claimed an estate in Fee Simple an estate that Robert Hudson's Children shall inherit.

UNDER Volume I The Colonial Laws of New York of 1683, The Charter of Liberties and Privileges of 1683-Chapter 21 [Land to be deemed an estate of inheritance]- THAT From hence forth Noe Lands Within this Province shall be Esteemed or accounted a Chattle or Personal Estate but an Estate of Inheritance according to the Custome and practice of his Majestyes Realme of England. Compiled by the N.Y.S. law Revision Commission, Laws of 1891 Chapter 125

2NY Jur ADVERSE POSSESSION Section 22.Claim of Fee or whole. The claim of title must, in general, must be a claim to a title in fee.13

Real Property Actions and Proceedings Law, Laws of 1962 chapter 142 as amended generally by l 1962 c 312 Article 5 Adverse Possession CASE NOTES. Pleading and burden of proof.  Once it has been shown that use of another's property for the prescriptive period, was open notorious and continuous, presumption arises that it was adverse and under claim of right and burden is then on the owner of the property to show that the use was by license. Kusmierz v Baan (1988, 3rd Dept) *2 App Div. 2d 929, 440 NYS2d 733.

In the County of Dutchess Supreme Court 1074/2017 Robert Hudson v Town of Pine Plains Superintendent, Heather M. Wilson a written notarized request was made to the Dutchess County Clerk to sign Robert Hudson's Summons but the Dutchess County Clerk, Kendhal refused to sign the summons. Judge Peter Forman never spoke to Petitioner Applicant, Robert Hudson.;Robert Hudson had filed a Civil complaint 679/1974 N.Y.S. Putnam County Court, Robert Hudson v. William Bratz in the County of Putnan. The Clerk had a Pro Se attorney to assist the Pro-se litigant and have the summons signed; but In the Dutchess County Court no judge would sign Robert Hudson's Town of Pine Plains Superintendent Summons. There was no equal protection under law in the Counties, State of N.Y.

EXHIBIT 7 All Robert Hudson's live stock was either taken or killed. Robert Hudson's property is enclosed with a read ball fence and posted with posted signs.

EXHIBIT 8 Robert Hudson Petition to Quiet Title to the U.S, Supreme Court 86-586 Dutchess County Clerk required that a title search be submitted with the petition. But no such title search was required when it involved a Tax Sale Deed.

EXHIBIT 9 U.S. Supreme Court 92-5542 order in Robert Hudson v N.Y.S. order Robert Hudson must pay fee and Robert Hudson's Money order Payment.

## Plaintiff's Claim

In the 40 years Robert Hudson has owned and improved the Hicks Hill road Rear to Robert Hudson's Home and Property from the main road, Hicks Hill Road over the Varney property to Robert Hudson's land; Plaintiff, Robert Hudson has never been accused or convicted of any felony offense. But now after 40 years, deprived of right to defend Plaintiff's use of right to the road by Adverse Possession in the Trial by Jury that took place October 21, 2019 through October 23, of 2019 in the County Of Dutchess under Dutchess County Court Judge Peter Forman, Robert Hudson is convicted of (2) two felonies. The fret, grief, pain and suffering placed upon Plaintiff, Robert Hudson and his wife four children and 9 grandchildren by the Defendant's named in this Complaint has been without end and against both New York State and United States Constitutional law.

IV.                          RELIEF

For the fore going reasons  Robert Hudson, claims relief in the some of ($2,000,000.00) two million dollars as against the defendants named herein for pain and suffering and Plaintiff's the denial of right and denial of law Under the 14 Amendment to the Constitution of the United States.

V.     Under Federal Rule of Civil Procedure 11, by signing below, I certify and swear to the best of my knowledge, information and belief that this Plaintiff's Complaint:

(1) is not being presented for an improper purpose, such as harass cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a nonfrivolous argument for extending modifying, or reversing existing law: (3) the factual contentions evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery: and (4) the Amended complaint otherwise complies with the requirements of Rule 11.

A.     I agree to provide the Clerks Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerks Office may result in the dismissal of my case.

Respectfully Submitted,
DATE OF SIGNING

12-5-19

*Mary J. Rattendi*

Plaintiff, Robert Hudson
254 Hicks Hill Road
 Stanfordville, New York 12581
Telephone # 845 233 1922
Email

MARY J. RATTENDI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
REG. # 01RA6240996
MY COMM. EXPIRES MAY 9, 2023

EXHIBIT'S          INDEX TO EXHIBITS                    PAGE

EXHIBIT 1. Page 2 Defendants Plea of title October 22, 2019. . . . . . . . . . . . . . . .22 through 29

EXHIBIT 2. Defendant's objection to removal of the charge of
                trespass on October 21, 2019 before the jury was empanelled. . . . . 30 through 33

EXHIBIT 3. Robert Hudson's Delinquent Tax Sale Deeds August 6, 1979. . . . . . . 34 through 38

EXHIBIT 4. SUPREME COURT OF N.Y.S. APPELLATE
                DIVISION SECOND JUDICIAL DEPARTMENT- MOTION
                Robert Hudson's Motion to Dismiss Dutchess County Criminal
                Court Judge, Peter Forman; Motion to allow Robert Hudson
                to subpoena wittiness's; motion for Robert Hudson to defend
                himself with counsel without hindrance, Motion for a fair and
                speedy trial and due process of law. Index No.000136-2018;
                Charges against Robert Hudson 1st degree contempt 215.51 –
                1st degree criminal contempt 251.51 – 2nd degree criminal
                contempt 215.05-03 - 2nd degree criminal mischief 145.10 –
                3rd degree Trespass 140.10. . . . . . . . . . . . . . . . . . . . . . . . .40 through 105
                        Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . 40 through 52
                1.   NYSUCS Case Details. . . . . . . . . . . . . . . . . . . . . . . . . .53 through 55
                2.   Dutchess County Psychiatric Observation Report of
                        Robert Hudson. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56 through 70
                3.   Decision and order of Acting Dutchess County
                        Supreme Court Judge, Peter Forman dismissing
                        Robert Hudson's Town of Pine Plains Article
                        300 Private road application upon appeal 1074CV2017. . . . . . . . . . .71 through 79
                4.   Letter to the Administrative Judge of the Courts of New
                        York to remove Public Defender Thomas Angell from
                        Robert Hudson's criminal case – written from Jail-. . . . . . . . .80 through 86
                5.   Robert Hudson's statement of right and title to Hicks Hill
                        Road Rear over the Complainant, Varney property. . . . . . . . . 87 through 95
                6.   N.Y.S, Dutchess COUNTY1074 civ 2917 Docket Sheets
                        5/12/ 2017, 4/16/2018, 7/11/2018 and RJI5/10/2017. . . . . . . . .96 through 105

EXHIBIT 5. Dutchess County Criminal County Index No.00136-
                against Robert Hudson, submission, before trial
                Dutchess County 6770  Tax Map. . . . . . . . . . . . . . . . . . . . . . . . . . .106, 107

EXHIBIT 6. Notarized Complaint – with pictures of killing of Robert
                Hudson's live stock- 4 -225 pound goats and ram sheep. . . . . . . . . . . . . .108 through 116.

EXHIBIT 7. Dutchess County Clerk denying petition for registration of title. . . . 117 and 118
                Administrative Judge hearing;   U.S. Supreme Court 86-586 . . . . . 119 and 120

EXHIBIT 8. 10/13/92--7 to 2 U. S. Supreme Court 92-5542 Hudson v N.Y. . . . . .121, 122, 123

# EXHIBIT   1

County of Dutchess

Dutchess County Criminal Court

RECEIVED
CHIEF CLERK'S OFFICE
2019 OCT 22 PM 12:34

People of New York State

-against-

Robert Hudson,
Defendant.

Docket #00136

Plea of
Title By
Adverse Possession

RECEIVED D.C.
DISTRICT ATTORNEY
2019 OCT 22 PM 12:26

To: The Honorable Court
   County Court Judge
   Peter Forman.

Dear Sir,
         Defendant Robert Hudson
Hereby Enters this Plea Against
The Charges Against Defendant.
         Enclosed herewith is Real Property
Actions And Proceedings Law. Chapter 81
of the Consolidated Laws, Article 5
Adverse Possession, section 512
Essentials of adverse Possession under
written instrument or Judgment certified
a true Copy of original by N.Y.S Secretary of State

Robert Hudson
ROBERT HUDSON
STATE OF NEW YORK: COUNTY OF DUTCHESS ON OCT 23, 2019 BEFORE ME
PERSONALLY CAME TO ME KNOWN KNOWN TO ME TO BE THE INDIVIDUAL DESCRIBED
HEREIN AND WHO EXECUTED THE FOREGOING AUTHORIZATION, AND WHO DULY
ACKNOWLEDGED TO ME EXECUTION THEREOF.

JOHN C. BORELL
Notary Public, State of New York
No. 01BO6073680
Qualified in Ulster County
Commission Expires April 29, 20__

24

# REAL PROPERTY ACTIONS AND PROCEEDINGS LAW

## Laws 1962, Chapter 142

### As amended generally by L.1962, c. 312 and to July 19, 1979
### Effective   December 16, 1996

AN ACT to reconsolidate laws relating to actions, rights of action and proceedings concerning real property, constituting chapter eighty-one of the consolidated laws

Became a law March 13, 1962, with the approval of the Governor. Passed, three-fifths being present.

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

## CHAPTER 81 OF THE CONSOLIDATED LAWS

❋          ❋          ❋

Article                                                                                    Sec.

❋          ❋          ❋

5. Adverse Possession .... .... ................ .... ....   501

❋          ❋          ❋

## ARTICLE 5—ADVERSE POSSESSION

Sec.
501.   Action after entry.
511.   Adverse possession under written instrument or judgment.
512.   Essentials of adverse possession under written instrument or judgment.
521.   Adverse possession under claim of title not written.
522.   Essentials of adverse possession under claim of title not written.
531.   Adverse possession, how affected by relation of landlord and tenant.
541.   Adverse possession, how affected by relation of tenants in common.
551.   Right of person to possession not affected by descent cast.

337          25

## § 501.   Action after entry

An entry upon real property is not sufficient or valid as a claim unless an action is commenced thereupon within one year after the making thereof and within ten years after the time when the right to make it descended or accrued.

## § 511.   Adverse possession under written instrument or judgment

Where the occupant or those under whom he claims entered into the possession of the premises under claim of title, exclusive of any other right, founding the claim upon a written instrument, as being a conveyance of the premises in question, or upon the decree or judgment of a competent court, and there has been a continued occupation and possession of the premises included in the instrument, decree or judgment, or of some part thereof, for ten years, under the same claim, the premises so included are deemed to have been held adversely; except that when they consist of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot.

## § 512.   Essentials of adverse possession under written instrument or judgment

For the purpose of constituting an adverse possession by a person claiming a title founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases:

1.   Where it has been usually cultivated or improved.

2.   Where it has been protected by a substantial inclosure.

3.   Where, although not inclosed, it has been used for the supply of fuel or of fencing timber, either for the purposes of husbandry or for the ordinary use of the occupant.

Where a known farm or a single lot has been partly improved, the portion of the farm or lot that has been left not cleared or not inclosed, according to the usual course and custom of the adjoining country, is deemed to have been occupied for the same length of time as the part improved and cultivated.

338                26

§ 521.   Adverse possession under claim of title not written

Where there has been an actual continued occupation of premises under a claim of title, exclusive of any other right, but not founded upon a written instrument or a judgment or decree, the premises so actually occupied, and no others, are deemed to have been held adversely.

§ 522.   Essentials of adverse possession under claim of title not written

For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument or a judgment or decree, land is deemed to have been possessed and occupied in either of the following cases, and no others:

    1.   Where it has been usually cultivated or improved.

    2.   Where it has been protected by a substantial inclosure.

§ 531.   Adverse possession, how affected by relation of landlord and tenant

Where the relation of landlord and tenant has existed between any persons the possession of the tenant is deemed the possession of the landlord until the expiration of ten years after the termination of the tenancy; or, where there has been no written lease, until the expiration of ten years after the last payment of rent; notwithstanding that the tenant has acquired another title or has claimed to hold adversely to his landlord. But this presumption shall cease after the periods prescribed in this section and such tenant may then commence to hold adversely to his landlord.

§ 541.   Adverse possession, how affected by relation of tenants in common

Where the relation of tenants in common has existed between any persons, the occupancy of one tenant, personally or by his servant or by his tenant, is deemed to have been the possession of the other, notwithstanding that the tenant so occupying the premises has acquired another title or has claimed to hold adversely to the other. But this presumption shall cease after the expiration of ten years of continuous exclusive occupancy by such tenant, personally or by his servant or by his tenant, or immediately upon an ouster by one tenant of the other and such occupying tenant may then commence to hold adversely to his co-tenant.

§ 551.   Right of person to possession not affected by descent cast

The right of a person to the possession of real property is not impaired or affected by a descent being cast in consequence of the death of a person in possession of the property.

*State of New York* }ss:
*Department of State*

*I hereby certify that the annexed copy has been compared with the original document in the custody of the Secretary of State and that the same is a true copy of said original.*

*Witness my hand and seal of the Department of State on* DEC 16 1996



*Special Deputy Secretary of State*

DOS-1266 (5/96)

29

# EXHIBIT 2

Dutchess County Court
Criminal Court
State of New York

People of the State of New York          Index #00136

                —Against—                OBJECTION TO
                                         REMOVING
Robert Hudson, Defendant                 The Charge of
                                         Trespass

RECEIVED D.A.
DISTRICT ATTORNEY
2019 OCT 23 AM 8:57

To: The Honorable Court
    Judge Peter Forman
      On Wensday the 21 of October 2019
Judge Peter Forman, Stated he was to
Remove the charge of Trespass From
the List of charges against the
Defendant, Hudson. I, Defendant Hudson
Stated that removing the charge of
Trespass would deny Defendant
Robert Hudson his defense of
tithe. When I stated this denial
of Defendant's rights to Judge Forman
With Defendant's Counsel, Thomas
Angell present, Judge Forman

1
31

Just shruged his shohders and didn't answer. My public defender given as Councid, Thomas Angell did not state one word against Judge Forman not speaking into the record. Defendant, Robert Hudson's objection to removal of the trespass Charge is again made on the ground that all the two Felonies and two Misdamenors were founded upon the criminal Trespass Charge, and to remove the trespass Charge is to take away Defendants only Rightful defense. All the charges are based upon the trespass Charge.

The Dutchess County District Attorney put the Pine Plains Assessor on the Wittiness stand to

2 (32)

beLittle the worth and value of Defendants' Dutchess County Delinquent tax Land saLedeeds. The Court of Appeals of New York has Noted "[T]he purchaser of property at a tax sale ***acquires a new and complete title to the Land under an independent grant from the Soverign, a title free of any prior claims to the property or interests in it." (MELHN v. Hearn 60 NY. 2d 944 946)

   Defendant, Robert Hudson is denied to Enter the defense that the Grand Jury Indited Defendant for. The charge of Trespass must remain as the basis of the charges Defendant was Indited upon.

Sworn to before ME
this October 23, 2019

Respectfully,

Robert Hudson

Robert Hudson
254 Hicks Hill Rd
Stanfordville N.Y.

CAROLYN Y LEWIS
Notary Public - State of New York
NO. 01LE6309246
Qualified in Dutchess County
My Commission Expires Aug 11, 2022

3          33

# EXHIBIT 3

LIBER 1515 PAGE 634       634

**This Indenture,** made the 6th day of August, in the year one thousand nine hundred and seventy-nine

**Between Dutchess County,** a municipal corporation by its County Legislature, party of the first part,

—AND—

R&R ROBERT HUDSON        , of    3124 Webster Avenue, Bronx,

County of              and State of  New York 10467 , part y       of the second part.

**Whereas,** property in the Town of    Pine Plains      assessed to  UNKNOWN

for the year  1974     and described as follows:  Grid No. 12-6770-00-316872-00 was sold to Dutchess County at tax sale on January 7, 1976, for $52.96 for unpaid State, County, Town and School taxes, based on the 1974 tax roll, and not having been redeemed from such sale within the time prescribed by law, was deeded to Dutchess County on March 15, 1979, which deed was filed in the Office of the Dutchess County Clerk in Liber 1504 of Deeds at page 75, and

WHEREAS, the same property was sold to Dutchess County at tax sale on January 7, 1977, for $54.42 January 6, 1978 for $56.94; and January 5, 1979 for $56.84; based on the tax levies of 1975, 1977 and 1977, respectively, and

WHEREAS, the taxes levied in December 1978 amounting to $39.95 remain unpaid, and

**Whereas,** ROBERT HUDSON tendered to the Dutchess County Commissioner of Finance the sum of $39.95   being the amount the County of Dutchess has invested in said property, together with the accrued interest and all other charges resulting from the above tax sale and requesting that the above parcel be quit claimed to   ROBERT HUDSON

**Whereas,** the County Legislature of the County of Dutchess did, on the   11th day of   April, 1979    adopt a resolution to the effect "That the County Executive and the Clerk of this County Legislature by, and they are hereby authorized, empowered and directed to make, execute and deliver, in the name of the County of Dutchess and the County Legislature of said County, as quit claim deed to the said.   ROBERT HUDSON

of any and all interest which the County of Dutchess may have acquired in and to said property by such tax sale", now, therefore

**This Indenture Witnesseth,** that the said party of the first part, in consideration of the said sum of   Nine Hundred and no/100 ($900.00)——————Dollars lawful money of the United States, paid by the party        of the second part, does hereby remise, release and quitclaim unto the part  y    of the second part      his        heirs and assigns forever,

**All That Tract or Parcel of Land** situate in the Town of    Pine Plains

Dutchess County, New York described in a deed to the County of Dutchess from  M. PHILIP AMODEO

as Finance Commissioner of the County of Dutchess, dated   March 15,

19 79   and recorded in the Dutchess County Clerk's office     March 15,        ,19 79   in

Liber  1504     of deeds, page   75       as follows:

STATE OF NEW YORK, COUNTY OF DUTCHESS SS: I, BRADFORD KENDALL, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS, DUTCHESS COUNTY, DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL THEREOF FILED OR RECORDED IN MY OFFICE ON    August 15, 1979 AND THAT SAME IS A CORRECT TRANSCRIPT THEREOF   Deed Liber 1515 Page 634 IN WITNESS WHEREOF   I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL

September 21, 2016

COUNTY CLERK & CLERK OF THE SUPREME & COUNTY COURTS, DUTCHESS COUNTY

35

Grid No. 12-6770-00-316872-00

**Together** with the appurtenances and all the estate and right of the party of the first part

in and to said premises.

**To Have and to Hold** the premises herein granted unto the party       of the second part,

his       heirs and assigns forever.

**In Witness Whereof**, the party of the first part has caused this instrument to be signed by

the County Executive and Clerk of the County Legislature of the County of Dutchess and the seal of

said County to be hereunto affixed the day and year first above written.

**County of Dutchess**

..........*Lucille P. Pattison*..........
County Executive

..........................................
Clerk, County Legislature

**County of Dutchess**  }
**State of New York**   } ss:

On this 6th day of August one thousand nine hundred and seventy-nine

before me the subscribed personally came       LUCILLE P. PATTISON and JOAN A. TRAVER

to me personally known who being be me severally sworn each for himself deposes

and says: the said LUCILLE P. PATTISON       that he resides in the   Town of Hyde Park

Dutchess County, New York, and is the County Executive and the said

JOAN A. TRAVER

that he resides in the   Town of Fishkill       , Dutchess

County, New York, and is the Clerk of the County Legislature of Dutchess County, the municipal

corporation described in and which executed the foregoing instrument; that they know the seal of said

corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed pur-

suant to resolution No.   195       of said County Legislature adopted   April 11, 1979

and that they signed their names thereto pursuant to like resolution of said County Legislature.

*Suzanne Ohlman*
..........................................
Notary Public

**SUZANNE OHLMAN**
NOTARY PUBLIC, STATE OF NEW YORK
RESIDING IN DUTCHESS COUNTY
NO. 4502666
COMMISSION EXPIRES MAR. 30, 19 8 1

RECEIVED
$ 1.10
REAL ESTATE
AUG 15 1979
TRANSFER TAX
DUTCHESS
COUNTY

7.00

DUTCHESS COUNTY CLERK'S OFFICE
RECEIVED ON THE 15 DAY OF Aug., 1979
AT 4 M 15 M P M RECORDED IN
BOOK No. 1515 OF Deeds
AT PAGE 634 AND EXAMINED

635

*William K. Steinhaus* CLERK

AUG 15 4 15 PH '79
DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

LIBER 1515 PAGE 632

632

This Indenture, made the 6th day of August, in the year one thousand nine hundred and seventy-nine

Between Dutchess County, a municipal corporation by its County Legislature, party of the first part,

—AND—

K & R

ROBERT HUDSON , of  3124 Webster Avenue, Bronx, County of  and State of  New York 10467 , part y  of the second part.

Whereas, property in the Town of  Pine Plains  assessed to  UNKNOWN for the year  1974  and described as follows:  Grid No. 12-6770-00-285878-00 was sold to Dutchess County at tax sale on January 7, 1976, for $40.54 for unpaid State, County, Town and School taxes, based on the 1974 tax roll, and not having been redeemed from such sale within the time prescribed by law, was deeded to Dutchess County on March 15, 1979, which deed was filed in the Office of the Dutchess County Clerk in Liber 1504 of Deeds at page 75, and

WHEREAS, the same property was sold to Dutchess County at tax sale on January 7, 1977, for $42.18; January 6, 1978 for $43.94; and January 5, 1979 for $44.27; based on the tax levies of 1975, 1977 and 1977, respectively, and

WHEREAS, the taxes levied in December 1978 amounting to $27.96 remain unpaid, and

Whereas, ROBERT HUDSON  tendered to the Dutchess County Commissioner of Finance the sum of $800.00  being the amount the County of Dutchess has invested in said property, together with the accrued interest and all other charges resulting from the above tax sale and requesting that the above parcel be quit claimed to  ROBERT HUDSON

Whereas, the County Legislature of the County of Dutchess did, on the  11th day of  April, 1979  adopt a resolution to the effect "That the County Executive and the Clerk of this County Legislature by, and they are hereby authorized, empowered and directed to make, execute and deliver, in the name of the County of Dutchess and the County Legislature of said County, as quit claim deed to the said.  ROBERT HUDSON of any and all interest which the County of Dutchess may have acquired in and to said property by such tax sale", now, therefore

This Indenture Witnesseth, that the said party of the first part, in consideration of the said sum of  EIGHT HUNDRED ($800.00)——————————Dollars lawful money of the United States, paid by the part y  of the second part, does hereby remise, release and quitclaim unto the party  of the second part  his  heirs and assigns forever.

All That Tract or Parcel of Land  situate in the Town of  Pine Plains Dutchess County, New York described in a deed to the County of Dutchess from M. Philip Amodeo

as Finance Commissioner of the County of Dutchess, dated March 15,

1979  and recorded in the Dutchess County Clerk's office  March 15,  , 19 79  in

Liber  1504  of deeds, page  75  as follows:

STATE OF NEW YORK (COUNTY OF DUTCHESS) SS.
I, BRADFORD KENDALL, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS DUTCHESS COUNTY DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL THEREOF FILED OR RECORDED IN MY OFFICE ON 3-15-1979 AND THE SAME IS A CORRECT TRANSCRIPT THEREOF Deed Liber 1515 Ps 632 AND OF THE WHOLE OF SUCH ORIGINAL I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL

6-26-2014

COUNTY CLERK & CLERK OF THE SUPREME & COUNTY COURTS, DUTCHESS COUNTY

37

Grid No. 12-6770-00-285878-00

Together with the appurtenances and all the estate and right of the party of the first part in and to said premises.

To Have and to Hold the premises herein granted unto the party of the second part,

his heirs and assigns forever.

In Witness Whereof, the party of the first part has caused this instrument to be signed by the County Executive and Clerk of the County Legislature of the County of Dutchess and the seal of said County to be hereunto affixed the day and year first above written.

County of Dutchess

*Lucille P. Pattison*
County Executive

*Joan A. Traver*
Clerk, County Legislature

County of Dutchess  } ss:
State of New York

On this 6th day of August one thousand nine hundred and

before me the subscribed personally came LUCILLE P. PATTISON and JOAN A. TRAVER

to me personally known who being be me severally sworn each for himself deposes

and says: the said LUCILLE P. PATTISON that he resides in the Town of Hyde Park

Dutchess County, New York, and is the County Executive and the said

JOAN A. TRAVER that he resides in the Town of Fishkill , Dutchess

County, New York, and is the Clerk of the County Legislature of Dutchess County, the municipal

corporation described in and which executed the foregoing instrument; that they know the seal of said

corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed pur-

suant to resolution No. 195 of said County Legislature adopted April 11, 1979

and that they signed their names thereto pursuant to like resolution of said County Legislature.

RECEIVED
$ 1.10
REAL ESTATE
AUG 1 5 1979
TRANSFER TAX
DUTCHESS
COUNTY

7⁰⁰

*Suzanne Ohlman*
Notary Public

SUZANNE OHLMAN
NOTARY PUBLIC, STATE OF NEW YORK
RESIDING IN DUTCHESS COUNTY
NO. 4702466
COMMISSION EXPIRES MAR. 30, 1981

633

DUTCHESS COUNTY CLERK'S OFFICE
RECEIVED ON THE 15 DAY OF Aug 19 79
AT 4 H 15 P. RECORDED IN
BOOK NO. 1515 OF Deeds
AT PAGE 632 AND EXAMINED

*William R. Steinhaus* Clerk

38

# EXHIBIT 4



Supreme Court State of New York,
Appellate Division Second Judicial Department

MOTION to DISMISS
DUTCHESS COUNTY CRIMINAL COURT
JUDGE PETER FORMAN

People of the State of New York
-AGAINST-
Robert Hudson, Defendant

MOTION TO ALLOW DEFENDANT
TO
TO SUBPOENA WITTINESSES

MOTION FOR DEFENDANT
TO REPRESENT HIMSELF WITH COUNSEL
WITHOUT HENDERANCE

**MOTION** FOR FAIR AND SPEEDY TRIAL
AND DUE PROCESS OF LAW
INDEX No. 000136/2018
Charges against Defendant
1st degree Criminal Contempt 215.51
1st degree Criminal Contempt 215.51
2nd degree Criminal Contempt 215-05-03
2nd degree Criminal Mischief 145.10
3rd Degree Trespass 140.10

To: the Honorable Court, Greetings,

LIST OF
EXHIBITS

1.
1. a. June 22, 2019 N.Y.S. Unified Court System- Web Criminal- Dutchess County Court
    Defendant, Robert Hudson Docket # 00136-2018 case details appearances
  b. February 25 2019 Case Details-Charges-Three Felonies, two Misdemeanors.

2.. PSYCHIATRIC EXAMINATION SHOWING DEFENDANT IS ABLE TO DEFEND.
   a. Dutchess County Department of Behavioral and Community Health FAX MEMO January
     10, 2019 To: Hon David Humeston, - 1. Hon Humstons order for Psychiatric Examination
     of Robert Hudson Dated 12/8/2018. Town Court of Pine Plains dated 1/10/19 Re.
     2. completed 730 EXAMINATION REPORTS from Kristan Hall, PPA- Office of
     Psychiatric Coordination –Certified Psychologist, Ellen Mark Psud ABPP 1/2/10. 2. Dept.
     of Behavioral and Community Health division of Mental Hygiene, Examiner Christopher
     St. Germain, Ph.D.    Originals to follow.
   Hon. Humstons order 2. Examination Report 18-060019 –charge Criminal Contempt 1. et al

RECEIVED 19 SEP 13 AM 10: 59 APPELLATE DIVISION SECOND DEPARTMENT

1

40

CONTINUED FROM PAGE 1
LIST OF
EXHIBITS

3.   DECISION AND ORDER OF N.Y.S. SUPREME COURT JUDGE PETER FORMAN
     Dutchess County Supreme Court, Petitioner, Robert Hudson Docket No.1074-2017
     Petition under Highway Law Article 300-Private Road.- Decision and Order of Acting
     Dutchess County Supreme Court Judge J. Forman, Signed Peter M. Forman. Twp page
     notice of entry & 6 pages of Judge Forman's Order.

4.   DEFENDANT'S LETTER TO N.Y.S. COURTS ADMINISTRATIVE JUDGE MARKS
     TO STOP MOTIONS BEING MADE UPON DEFENDANTS BEHALF.
     Robert Hudson Letter to chief Administrative Judge Laurence K. Marks, to stop Public
     Defender, Thomas Angell from taking Robert Hudson's right to defend himself. Letter
     mailed to Defendant, Robert Hudson's Sister while Defendant Robert Hudson was in the
     Dutchess County Jail and Robert Hudson's sister mailed letter to Marks by U.S. Certified
     Mail 7017 1450 0000 4287 7808-6 pages

5.   Defendant's RIGHT TO ROAD SRTATMENT

6.   a.  DEFENDANT, SUBMITTED 2 COPIES OF PETITION OF 22 EXHIBITS TO
         DUTCHESS COUNTY CLERL WHO REFUSED TO DOCKET THE PETITIONS ON
         THE DAY THAT THE CLERK WAS GIVEN PETITIONS BY DEFENDANT
         Dutchess County Supreme Court 1074-2017 May 12, 2017 docket Sheet two pages.

     b.  DEFENDANTS PETITION SUBMITTED WITH- REQUEST FOR JUDICIAL
         INTERVENTION WENT THROUGH FOUR (4) SUPREME COURT JUDGES AND
         ALMOST A YEAR LATER WAS NOT IBDEXED UPON THE 1074-2017 DOCKET
         SHEET
         Dutchess County Supreme Court 1074-2017 April 10. 2018 docket Sheet two pages.

     c.  ENTRY OF 1074-2017 PETITION WAS MORE THAN A YEAR AFTER
         DEFENDANT FILED PETITION
         Dutchess County Supreme Court 1074-2017  July 11, 2018 Docket Sheet three pages.
         Each Docket Sheet IS Certified by the Dutchess County Clerk

     d.  1074-2018 REQUEST FOR JUDICIAL INTERVENTION FILED June 10,
         2018 with Petition for Private Road under Highway Law section 300
         Private Road and under N.Y.S. Constitution Section 7 (c) Private Road.

     Exhibit 6 show that Petitioner Robert Hudson's N.Y.S. Constitutional statutory right to
have a Jury Trial for Robert Hudson's private road has been denied by the N.Y.S. Appellate
Division Second Judicial Department by refusing to allow the record upon appeal SUMMONED
to be reviewed. The Appellate court stated that the record was not certified-but the Clerk of
Dutchess Co. stated all records are submitted uncertified to the Appellate Division.

41 ²

### Defendant Robert Hudson's Plea of Title

The Defendant Hudson pushed with one hand the wood fence that had been placed by Varney across the road to Defendant, Robert Hudson's home and estate, The Varneys blocked the Defendant's right of way over the only road to Defendants home and property..

The Pine Plains Justice Court Arraigned Defendant, Robert Hudson and at the Arraignment at the Town of Pine Plains Court the District Attorney stated that part of the Sebastian Varney Complaint against Defendant, Robert Hudson was for a ($3500.00) Thirty Five Hundred dollar damage fee for Defendant Robert Hudson breaking the gate fence that Varney placed across the road to Defendant, Hudson's Home and Estate. The Defendant, Robert Hudson asked the Town of Pine Plains Justice Court for a copy of the complaint of Sebastian Varney and others but Defendant, Robert Hudson was denied the signed complaint by the Town of Pine Plains Court, and Denied by the Public Defenders Office a copy of all the criminal complaints and the accusations of complaints that were in the possession of the court. The same denial of allegations and complaints against Defendant, Hudson, were denied by Dutchess County Court Judge Mcloughlin and again denied by Dutchess County Court Judge, Peter Forman. This Defendant, Robert Hudson after a year still has no knowledge of the allegations and police reports against Defendant, Robert Hudson.

After the criminal charges against Robert Hudson were transferred to the Dutchess County Criminal Court, District Attorney made a motion to Dutchess County Court, Judge Forman that denied the Defendant Hudson was seen breaking the fence.  Defendant Hudson had told the Public Defender, Thomas Angell that Robert Hudson had broken the fence

42 ³

The Defendant, Hudson's property and the Trespass Complainant, Varney property were shown to be both part of one Common Grantors Land Sampson Sheldon Broughton in Dutchess county Deed Book Liber 2-b page 45. Under New York Jurisprudence Volume 61 TRESPASS TO TRUSTS 1968 The Lawyers Co-Operative Publishing Co. Westchester New York – Baker Voorhis and Co Inc. Mt. Kisco N.Y. – VII EVIDENCE Section 33 Generally. The broad rules of evidence in civil actions generally, which are discussed in detail in 21, 22, NY Jur. Evidence-are applicable in trespass actions, the discussion here being intended primarily relating to consider matters of evidence peculiarly relating to this type of action. A prima facia case in trespass is made out by showing that defendant's voluntary act directly produced the injury. In showing the title to maintain an action for trespass proof that the plaintiff was in possession and claiming title is sufficient prima face evidence to enable him to maintain the action, and no one but the true owner or one connected with the true owner in some way, may impeach such title Hoyt v Van Alstyne, 15 Barb 568. Recitals in an ancient deed that the grantors were the heirs of the original owner constituted sufficient evidence. Section 30 TITLE AND OTHER RIGHT Where a defendant has a right of way over certain land, he is not guilty of trespass in tearing down gates or removing a fence which interferes with the use of his right. New York State Court Of Appeals, Immaculate Conception Church v. Sheffer, 88 Hun 335, 34 NYS 724, affd. 156 NY 670, 50 NE 1118.

Dutchess County Court Judge Edward T. Mcloughlin ordered (DOCKET SHEET EXHIBIT 1) on December 19, 2018, Defendant Robert Hudson undergo psychiatric Examination. This was the third (3) Psychiatric exam ordered by the Courts in Dutchess County, regarding Defendants Trespass over the Complainant Varney Property in 40 Years (The

[4]

Dutchess County Psychiatric Examination Reports of Dr. St. Germain and Psychiatrist Marx,

stated  (EXHIBIT 2) that Robert Hudson was qualified to Defend Himself in a Court of New

York. But when Defendant, Robert Hudson asked Judge Forman for a copy of the Psychiatric

Report and Complaints against Defendant Robert Hudson. Judge Forman Denied the Defendants

right to the allegations and Complaints against Defendant Robert Hudson.

Judge Forman further stated that Defendant would not be allowed to defend himself

against the allegations of three felony and two misdemeanor charges against Defendant. Judge

Forman Stated that Judge Forman's Friend, the head of the Public Defenders Office, Thomas

Angell was to take Defendant's Right to Defend himself in a Court of Law against Defendant,

Robert Hudson's objections.

The Dutchess County Public Defender, Thomas Angell, selected and assigned by Judge

Peter Forman to not give Defendant Robert Hudson Counsel but to Represent, Robert Hudson,

stated to Robert Hudson's Wife that  Thomas Angell did not believe Defendant, Robert Hudson

was capable of defending himself in a court of Law.. This communication to Defendants Wife

was thereafter stated to defendant's children by defendant's wife was done to attack Defendant's

Home and Family. The Public Defender Angell violated Defendants trust by spreading

unfounded rumors to cause discord in Defendant, Robert Hudson's family.  For Defendant

Hudson's entire life defendant has always defended himself personally in a court of law.

Defendant Robert Hudson had never spoken to Public Defender Thomas Angell

regarding the Charges Defendant is to be tried for and Public Defender, Angell has never

allowed Defendant, Robert Hudson any of the Complainants Charges against Defendant, Robert

Hudson. The Town of Pine Plains Criminal Court, and the Dutchess County Criminal Court and

Public Defender Thomas Angell has never allowed Defendant, Robert Hudson to have the

written allegations of the complainants and Moneys claimed by Varney to be owed, that Robert Hudson was arraigned for in the Town of Pine Plains and later was never allowed the testimony of the Complainants against Defendant, Robert Hudson, that Defendant, Robert Hudson was indicted upon by the Dutchess County Grand Jury.

The Public Defender, Thomas Angell sent to Defendant Robert Hudson a letter that Defendant Had to appear in The Dutchess County Criminal Court on July 30, 2019. at 2:00 in the Afternoon. The Defendant Robert Hudson again appeared in the Dutchess County Criminal Court on July 30, 2019 at 10:25 in the Forenoon and a Document bearing Defendant Robert Hudson's name was stated submitted by a different Public Defender to the Dutchess County Criminal Court Judge Peter Forman. When Defendant went to the Public Defenders office and asked for a copy of the Papers that were submitted to the Dutchess County Criminal Court on behalf of Defendant, Robert Hudson the Public Defender denied Defendant, Robert Hudson a copy of papers submitted to the Court.

Under New York Digest 3rd.-279 New York State Constitutional Law  KEY 255 (5) ' a defendant who is committed for observation as to his Mental capacity, is safeguarded in protection of his constitutional right of due process by statutory  requirement that there be reasonable ground to believe that defendant is in such a state of  idiocy, imbecility or insanity that he is incapable of understanding the proceeding or making his defense, Code of Criminal Procedure Section 870; People ex rel Schildhaus on behalf of Weinstein  v. City Prison Borough of Manhattan  Belleview Hospital, 235 N.Y.S. 2d 531, 37 Misc. 2d 660.

The Court denied records of Arraignment, of Complainants Complaints, the Police Complaint Charges from the Town of Pine Plains,  the Dutchess  County Grand Jury indictment information, of Robert Hudson are denied to Defendant, Robert Hudson.

## Colonial Law of the New York Legislature General Assembly 1683

Under the Constitution of New York State Article 1 Section 14 "common laws and acts of the Colonial and state legislatures shall continue and be the law of this state"; Under the law of the colony of New York –First General Assembly, Held at Fort James City of New York. October 17, 1683 CHARTER OF LIBERTIES AND PRIVILEGES GRANTED BY HIS HIGHNESS TO THE INHABITANTS OF NEW YORKE October 30, 1683-"

1.THAT Noe freeman shall be taken or Imprisoned or be disseized of his freehold or Libertye or free customs or be outlawed or Exiled or any other wayes destroyed nor shall be passed upon adjudged or condemned But by the Lawfull Judgment of his peers and by the law of this province. Justice nor right shall be neither sold denyed or deferred to any man within this province.

2. THAT no man of what Estate or Condicon soever shall be put out of his lands or Tenements nor taken nor imprisoned, nor disinherited, nor banished nor any ways destroyed without being brought to Answere by Due course of Law.

3. THAT a ffreeman Shall not be amerced for a small fault, but after the manner of his fault and for a great fault after the Greatnesse thereof Saveing saving to him his freehold, and husbandman saving to him his Winage and a merchant likewise saving to him his merchandize And none of the said Amerciaments shall be assessed but by the oath of twelve honest and Lawfull men of the Vicinage provided the faults and misdaminors.

4. ALL Tryalls shall be by the verdict of twelve men, and as near as may be peers or Equalls And of the neighborhood and in the County Shire or Division where the fact Shall arise or grow Whether the Same be by Indictment Information Declaration or otherwise against the person Offender or Defendant.

5 . THAT from hence forward Noe Lands Within this province shall be Esteemed or accounted a Chattele or personall Estate but an Estate of Inheritance according to the Custome and practice of his Majesties Realme of England.

COLONIAL LAWS OF NEW YORK FROM 1664 TO THE REVOLUTION Volume 1 cover page and the Charter of Liberties and Privileges pages 111 through 116 and they are a true copy of this book on file in the Mount Vernon Public Library Signed Rodney E. Lee,

Director of the Mount Vernon Public Library.

Robert Hudson Petitioner Stated to the 1074-2017 Court of (4) Four different Supreme Court Judges "Petitioner Robert Hudson's Dutchess County Petition Under Highway Law for a Road 1074/2017 was not to include Varney as a Defendant. But all 1074/2017 documents submitted to the Court, from the very first day submitted in Supreme Court Petition 1074/2017 were destroyed and they Brought Judge Forman to act as the Supreme Court Judge in the 1074/2017 action.

## Third Constitution of New York State of 1846

## and

## Fourth Constitution of New York State of 1894

ARTICLE 1 Section 1 Persons not to be disfranchised - No member of this State shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or Judgment of his peers.

ARTICLE 1 section 2. Trial by Jury preserved- The trial by Jury in all cases in which it has been heretofore used shall remain inviolate forever;

Judge Forman had entered a decision in Dutchess County Supreme Court in the Case of Robert Hudson v. the Town of Pine Plains Superintendent, 1074 CIV

47[8]

2017. Judge Forman made Varney a party Defendant and entered a decision on behalf of Varney even when Petitioner Hudson denied that Varney could be included as defendant in Robert Hudson's civil complaint against the Town of Pine Plains Highway Superintendent. Judge Forman denied Petitioner Robert Hudson's 1074/2017 Request for Judicial Intervention under N.Y.S. CPLR 3102 and denied Robert Hudson's plea to keep Varney out of the 1074/2017 Private Road action and made a decision on behalf of the Defendant Varney. The same Varney who is now Complainant against Robert Hudson's Criminal complaint Dutchess County Court Index Number 000136/2018. The Dutchess County Supreme Court Petition ON APPEAL 1074/2017 was denied to be heard by the Appellate Division Second Judicial Department, who destroyed the petition from the court.

Defendant Robert Hudson made a motion to the Dutchess County Criminal Court Case No 000138/2018 to have Dutchess County Criminal Court Judge Peter Forman  recusatio judicis (dismiss) himself, from the Criminal action proceeding against Defendant, Robert Hudson. Because Judge, Peter Forman acting as Dutchess County Supreme Court Judge in a Civil Action 1074/2017 for Robert Hudson's private road under New York State Highway Law Article 11 section 300 Private Road; and under the New York State Constitution Article 1 section 7 (c) Private road. " Private Roads may be opened in a manner prescribed by law; but in every case the necessity of the road and the amount of all damages to be sustained by the opening thereof shall be first determined by a jury of freeholders, and such amount, together with the expenses of the proceedings, shall be paid by the person to be benefited".

48 [9]

Judge Forman issued a Judgment and Order (EXHIBIT 3) on behalf of Defendant Varney (Varney who is now Complainant). in the Supreme Court Dutchess County Civil 1074/2017 Private Road Petition; and now Judge Peter Forman deprives Defendant Hudson in Dutchess County Criminal Court 000136 / 2018 where Defendant Hudson is charged with three Criminal felonies and two Criminal Misdemeanors fro trespassing upon the Complainant Varney road that Defendant Robert Hudson has used for over 40 Years.

    A second Appeal of five pages was made to stop Dutchess County Public Defender, Thomas Angell from speaking or filing Motion papers for Defendant, Robert Hudson and was sent by certified mail to the New York State Courts Chief Administrative Judge Laurence K. Marx (EXHIBIT 4) to dismiss Public Defender Attorney, Thomas Angell who is subverting defendants right to speak in a court of law and making motion responses without Defendant, Robert Hudson's Permission.  Thomas Angell has filed a Response to a Motion that was in opposition to Defendant, Robert Hudson's "PLEA OF TITLE, TO THE DEFENDANT'S ROAD". Defendant Robert Hudson asks to stop and deny Thomas Angell any right to speak for Defendant Robert Hudson in any court.  Public Defender Angell never let Defendant Robert Hudson know what Angel's Motions Response to the District Attorney motion he had made was about. And for more than a year The Town of Pine Plains Justice Court, The Dutchess County Criminal Court and Public Defender Thomas Angel have never given Defendant, Robert Hudson the information regarding the charges that Defendant Hudson was arraigned upon or any of the Grand Jury testimony given at the indictment of Robert Hudson upon the 3 Felonies and 2 Misdemeanors charges. These Allegations are needed to form Defendants Defense.

    Public Defender Thomas Angell stated he answered a motion by the Dutchess County District Attorney. without ever letting Defendant Robert Hudson know the content of what he

had written in the motions response. Even after the Public Defender Thomas Angell was told not to speak or answer any motion he was still filing Motion Papers without speaking to Defendant.

Defendant Robert Hudson's Plea, is a plea of title and right to Defendant Robert Hudson's Road over the Complainant's property that has been used by Defendant Robert Hudson over Varney Property, over the common grantors land for more than 40 years.

Public Defender Thomas Angell sent a letter to Defendant, Robert Hudson that required Defendant's appearance at the Judge Peter Forman court upon July 16, 2019. Defendant, Robert Hudson appeared in the Court of Judge Peter Forman but Defendant was never allowed to speak by Judge Forman. Public Defender Thomas Angel privately met with Judge Peter Forman in the Judges Chambers and Public Defender. Thomas Angel stated that Defendant, Robert Hudson had to appear in court on July 30, 2019 at 2:00 PM. When Defendant Hudson appeared in the Dutchess County Criminal Court on July 30, 2019 at 11:30 Defendant Hudson was told that there was no appearance for Defendant Hudson and that Defendant Hudson couldn't speak to Judge Forman and that a trial date was set for October 20, 2019 through November 4, 2019.

On July 16, 2019 Defendant, Robert Hudson had been called to Judge Forman's Court and asked if Defendant, Robert Hudson Could speak to the judge but was denied. On July 16, 2019 Defendant, Robert Hudson submitted the 11 Defense witness subpoenas including a subpoena for Carleton Varney to be signed and authenticated by an officer of the court. Thomas Angell refused to sign the Defendant, Robert Hudson subpoenas even though a trial date has been set.

The Dutchess County Judge Peter Forman has shown bias for the now Complainant Varney against Petitioner Robert Hudson in the civil Dutchess County Supreme Court Action 1074/2017 and now seeks to try Defendant Robert Hudson in Dutchess County Criminal Court

where Varney is the Complainant; and Public Defender, Thomas Angell have denied Defendant, Robert Hudson the right to speak or be heard in the court room where Defendant will defend himself in a criminal trespass action and the $3500.00 complaint against Defendant Robert Hudson Trial By Jury.

## SUPREME COURT OF THE UNITED STATES
## DECISIONS ON ROAD ACCESS AND ADVERSE POSSESSION

An entry under claim of title    What constitutes adverse possession, depends upon the nature of the situation of the property and the use to which it can be applied or to which the owner or claimant may choose to apply it    Ewing v. Burnet, 11 Pet 41 – 91 ed 624. An entry under claim of title sufficiently shows an intention to oust from possession. Probst v. Domestic Missions, 129 US 182, S Ct. 263

The United States Supreme Court decided that an implied way of necessity arises where the owner of a parcel of land conveys and grants part to another, which leaves the remainder of the land without ingress or egress except over the land conveyed, Wagner v. Fairlamb, 151 Col 481, 379 P2d 165 cert den 375 US 879, 11led 2d 110, 84 S. Ct. 149

## Defendant, Robert Hudson, requests the Court for Relief
## in the form of the following 4 requests

1.    Dutchess County Court Judge, Peter Forman's order to have Public Defender, Thomas Angell, represent Defendant, Robert Hudson over Defendant, Robert Hudson's objections.. Thomas Angell for the reasons stated herein must be removed as it denies Defendant, Robert Hudson's N.Y.S. Constitutional right to Defend himself with Counsel and that

Judge Forman's order that Public Defender, Thomas Angell Represent Defendant or any

Attorney to represent Defendant Robert Hudson be rescinded.

      2.    Defendant Robert Hudson requests the Court to remove Judge Peter Forman

from being Judge in the Trial By Jury of the Criminal Charges against Defendant, Robert

Hudson on the grounds that Judge Forman has already entered a decision in 1074/2017 against

Defendant Robert Hudson and allowed Varney to be included as a Defendant, when Defendant

Hudson never submitted any document to even mention Varney as a party Defendant and stated

in the civil complaint that Varney was not to be a defendant in the Dutchess County Supreme

Court civil action 1074 /2018,

      3.  Defendant Hudson be allowed to present Defendant, Hudson's own case in the

Courts of Dutchess County or any other Court where the Case will be tried.

      4. That Defendant Hudson's Public Defender, Thomas Angell should be dismissed

and that Defendant be allowed counsel that will not try to deny plaintiff's Plea of Title, but will

give Defendant Hudson Council and sigh Defendant Hudson's Wittiness Subpoenas for trial.

      Attached herewith is the Defendant's right to the road statement, (EXHIBIT 5) showing

that Defendant Hudson's property and Complainant Varney property are both part of one

property belonging to the Common Grantor Sampson Sheldon Broughton. And the 1936 Tax

Roll of the Conservation Property to Varney's south showing the Road Hicks Hill Road runs

across the southern boundary on the Varney Property (without Exhibits)

Dated: September 3, 2019 - Dutchess County

SWORN TO BEFORE ME OH this
4th day of September 2019

Respectfully Submitted,

*Robert Hudson*
Defendant, Robert Hudson
254 Hicks Hill Road
Stanfordville, New York - 12581

CAROLYN Y LEWIS
Notary Public - State of New York
NO. 01LE6309246
Qualified in Dutchess County
My Commission Expires Aug 11, 2022

1

# New York State Unified Court System

## WebCriminal

## Case Details - Appearances

**CASE INFORMATION**

Court: **Dutchess County Court**
Case #: **00136-2018**
Defendant: **Hudson, Robert F**

| Date/ Time | Judge/ Part | Calendar Section | Arraignment/ Hearing Type | Court Reporter | Outcome/ Release Status |
|---|---|---|---|---|---|
| 07/16/2019 | Forman, P PMF | COURT DECISION | No Type | | |
| 06/20/2019 | Forman, P PMF | REPLY | No Type | Herrera, E | Adjourned Same Bail Conditions |
| 05/21/2019 | Hayes, M MGH | COURT DECISION | No Type | Calabrese, T | Adjourned Same Bail Conditions |
| 03/14/2019 | Forman, P PMF | REPLY | No Type | Herrera, E | Adjourned Same Bail Conditions |
| 03/07/2019 | Forman, P PMF | DA ANSWER | No Type | Roman, N | Adjourned Same Bail Conditions |
| 02/21/2019 | Forman, P PMF | FURTHER PROCEEDINGS | No Type | Calabrese, T | Adjourned Same Bail Conditions |
| 01/29/2019 | Forman, P PMF | FURTHER PROCEEDINGS | No Type | Dalzell, B | Defendant Fit To Stand Trial Same Bail Conditions |
| 01/10/2019 | Forman, P PMF | FURTHER PROCEEDINGS | No Type | Dalzell, B | Adjourned Same Bail Conditions |
| 12/21/2018 | Mcloughlin, Edward T ETM | FURTHER PROCEEDINGS | No Type | None, | Adjourned Bond $5,000 Cash $10,000 (Not Posted) |
| 12/20/2018 | Mcloughlin, Edward T ETM | FURTHER PROCEEDINGS | No Type | Decelestino, J | Adjourned Released under Supervision |
| 12/19/2018 | Mcloughlin, Edward T ETM | ARRAIGNMENTS | Regular | Decelestino, J | Psychiatric Exam Ordered Released under Supervision |
| 12/13/2018 | Mcloughlin, Edward T GRAND JURY | MISC | No Type | | True Bill Released on Recognizance |

54

*February 25, 2019*

# New York State Unified Court System
## WebCriminal

## Case Details - Charges

### CASE INFORMATION

| | |
|---|---|
| Court: | **Dutchess County Court** |
| Case #: | **00136-2018** |
| Defendant: | **Hudson, Robert F** |

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 140.10 0A | **B Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge** | |
| | Description: *Crim Trespass 3rd:enclsd Prop* | |
| | Indictment Count: 5 | |
| | Date Added: *12/13/2018* | |
| PL 215.51 0D | **E Felony, 1 count, Not an arrest charge, Not an arraignment charge** | |
| | Description: *Crim Cont-1st:order/protection* | |
| | Indictment Count: 2 | |
| | Date Added: *12/13/2018* | |
| PL 145.10 00 **TOP CHARGE** | **D Felony, 1 count, Not an arrest charge, Not an arraignment charge** | |
| | Description: *Criminal Mischief - 2nd* | |
| | Indictment Count: 1 | |
| | Date Added: *12/13/2018* | |
| PL 215.51 0D | **E Felony, 1 count, Not an arrest charge, Not an arraignment charge** | |
| | Description: *Crim Cont-1st:order/protection* | |
| | Indictment Count: 3 | |
| | Date Added: *12/13/2018* | |
| PL 215.50 03 | **A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge** | |
| | Description: *Crim Contempt-2nd:disobey Crt* | |
| | Indictment Count: 4 | |
| | Date Added: *12/13/2018* | |

*55*

2

Received Fax :          Jan 10 2019 1:59PM       Fax Station :   Town of Pine Plains Court              p. 1

Jan. 10. 2019  1:20PM                                                          No. 5388    P. 1

MARCUS J. MOLINARO                                                          A.K. VAIDIAN, MD, MPH
COUNTY EXECUTIVE                                                                COMMISSIONER



### COUNTY OF DUTCHESS
#### DEPARTMENT OF BEHAVIORAL AND COMMUNITY HEALTH
##### DIVISION OF MENTAL HYGIENE

This transmission is intended only for the individual, or entity to which it is addressed, and may contain information that is privileged, confidential, and exempt from disclosure under applicable Federal and State laws.

This information may have been disclosed to you from records protected by Federal Confidentiality Rule [42 CFR Part 2) and Health Insurance Portability and Accountability Act (HIPAA)]. The Federal rules prohibit you from making any further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2 and/or HIPAA. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The Federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivering communication to the intended recipient, you are notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by U.S. Postal Service. Thank you.

# FAX MEMO

Recipient Name : *Hon. David Humeston*          Date: *1/10/19*

Organization: *Town of Pine Plains Court*

Fax:  *(518) 398-0227*          Pages: *10*   (including cover)

Re:  *C. Completed 730 Reports*

From:  Kristin Hall, PPA – Office of Psychiatric Coordination

Fax:  (845) 486-2882                    Phone:  (845) 486-2884

Comments:  *originals to follow via U.S. mail*

C.P.L. Article 730
FORM 16-A
3/90

## ORDER FOR PSYCHIATRIC EXAMINATION

STATE OF NEW YORK
PINE PLAINS JUSTICE COURT
DUTCHESS COUNTY

PEOPLE OF THE STATE OF NEW YORK                     ORDER FOR PSYCHIATRIC
                                                    EXAMINATION
                    vs.
                                                    Docket No.: 18060019
ROBERT F. HUDSON, Defendant                         Indictment No.:

| Statute/Section | Charge Text |
| --- | --- |
| PL 215.51 D | CRIM CONTEMPT-1 |
| PL 145.10 | CRIM MISCHIEF-2 |
| PL 140.10 0A | CRIM TRESPASS 3 |

The above named defendant having been charged as listed above, and the Court
being of the opinion that the defendant may be an incapacitated person,

NOW, THEREFORE, it is

ORDERED that, pursuant to Article 730 of the Criminal Procedure Law, the
Director of Community Mental Health Services for the County of Dutchess shall
cause an examination to be made of said defendant to determine whether said
defendant, as a result of mental disease or defect, lacks capacity to
understand the proceedings against him or her or to assist in his or her
defense, and it is further

ORDERED that such examination be conducted in the manner specified in the
paragraph checked below (check only one):

☑  1.  said defendant, having heretofore been released on bail or on (his)
        (her) own recognizance and not being in custody, such examination
        shall be conducted on an outpatient basis, and said defendant is
        hereby ordered to report for examination at a time and place to be
        designated by the said Director

☐  2.  said defendant, being now in custody, such examination shall be
        conducted at the place where (he) (she) is being held, unless the
        Director shall determine that hospital confinement of the defendant
        is necessary for an effective examination, in which the (Sheriff)
        (Commissioner of Correction of the City of New York) is hereby
        directed to deliver the defendant to a hospital designated by the
        Director and to hold the defendant in custody therein, under
        sufficient guard, until the examination is completed, for a period
        not exceeding thirty (30) days (if the defendant subsequently has
        been released on bail, the foregoing paragraph (1) shall apply)

10. 2019  1:20PM   Town of Pine Plains Court   518 398 0227       No.5388   P. 3
06 2018 10:26AM   Town of Pine Plains Court   518 398 0227              p.3

FORM 16-A - Page 2
3/90

and it is further

ORDERED that upon the completion of said examination, reports thereof be submited
by the Director to this Court pursuant to section 730.20, subdivision 5, of the
Criminal Procedure Law, and that the Clerk of the Court furnish a copy of said
reports to the attorney for the defendant and to the District Attorney.

Dated:  12/8/2018                          _____
                                           Judge or Justice Hon. David G. Humeston

Please indicate relevant reason(s) for referal for:

| | Art. 730 Eval | Probation Referral |
|---|---|---|
| Disruptive, confused or bizarre behavior | X | |
| Threatening or violent behavior | | |
| Suicidal behavior | | |
| Uncooperative with defense counsel | X | |
| Appears dishevelled; not taking care of self | | |
| Appears not to understand charges or court processes | X | |
| History of past psychiatric problems | | |
| History of drug or alcohol abuse | | |
| History of suicidal behavior | | |
| Extreme or bizarre type of offense | | |
| Other: | | |

Persons who may be contacted for more information, if needed:
Judge:  Hon. David G. Humeston                    Phone:  518-398-7194
Defense Counsel:  DC Public Defender Thomas N.N. Angell, Esq.   Phone:  845-486-2280
District Attorney:  Sr. ADA Robert Knapp          Phone:  845-486-2300
Probation Officer:  _____           Phone:  _____

COMMENTS OF THE COURT (if any):  Robert Hudson, 254 Hicks Hill Road, Stanfordville, NY  12581
646-418-3382

BAIL CONDITIONS:  Released on own Recognizance

RETURN DATE, IF BAILED:  January 2, 2019 at 4:00 pm

ENDORSEMENTS
Hospitilization of Defendant not in Custody
TO: The above-named Court
This Court, having directed that the defendant be examined on an out-patient
basis by reason of the defendant's being released on bail or on (his) (her) own
recognizance, the Director now informs the Court that hospital confinement of
the defendant is necessary for an effective examination, for the following

Case 1:19-cr-11103-PGG   Document 1   Filed 12/06/19   Page 60 of 123

FORM 16-A - Page 3
3/90

reasons: _____

_____

and designates the following hospital _____

_____    for such an examination.

Dated: _____
                          Signature of Director


The Court having directed that the defendant be examined on an out-patient
basis by reason of the defendant's being released on bail or on (his) (her) own
recognizance, and the Court having been informed by the Director that hospital
confinement is necessary for an effective examination, the Court hereby directs
the (Sheriff) (Commissioner of Correction of the City of New York) to take
custody of the said defendant and to transfer (him) (her) to
_____ hospital, for such examination, for a period not exceeding
thirty (30) days.

Dated: _____
                          Judge or Justice


Additional Hospital Confinement
TO: The above-named Court

The Director hereby applies for additional hospital confinement of the
defendant for a period not to exceed thirty (30) days, for the following
reasons:_____

_____

Dated: _____
                          Signature of Director



The Court being satisfied that a longer period is necessary to complete the
examination of the defendant, the Court does hereby authorize hospital
confinement of the said defendant for an additional period, not to exceed
thirty (30) days, for such examination.

Dated: _____
                          Judge or Justice

60

FORM 16-A - Page 4
3/90

Hospitalization of Defendant in Custody
TO: The (Sheriff) (Commissioner of the Correction of the City of New York)

The Director hereby determines that hospital confinement of the defendant is
necessary for an effective examination and, pursuant to order of the Court herein,
directs that you deliver the defendant to _____ Hospital and hold
the defendant in custody therein, under sufficient guard, until the examination is
completed, but not to exceed the period authorized by the Court.

Dated: _____      _____
                                  Signature of Director

FORM AHCR 704 (4-78)

State of New York
(OMH – OMR & DD)*

# EXAMINATION REPORT
(C.P.L. Article 730)

STATE OF NEW YORK
TOWN OF PINE PLAINS COURT
COUNTY OF DUTCHESS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | EXAMINATION REPORT |
| VS | Docket No.        18-060019 |
| | Indictment No. |
| ROBERT F. HUDSON | Information No. |
| DEFENDANT | Charge:         Criminal Contempt – 1st degree, Criminal Mischief – 2nd degree, Criminal Trespass – 3rd degree |

In violation of § 215.51D, 145.10, 140.10 0A

I, the undersigned, duly certified pursuant to law as a certified psychologist having been designated by Thomas Quinn, Ph.D., LCSW-R, Director of Community Services pursuant to an order signed by Hon. David G. Humeston, Judge of the Town of Pine Plains Court, Dutchess County, dated December 6, 2018, to examine the above-named defendant, pursuant to Article 730 of the Criminal Procedure Law, to determine if the defendant is an incapacitated defendant, have conducted such examination with due care and diligence.

The nature and extent of the examination was as follows: Data of personal identification; family history; personal history; medical & psychiatric history; personal behavior & functioning; intellectual functioning; orientation as to time, place & person; stream & content of thought; inquiry into psychotic phenomena (hallucinations & delusions); emotional response & relevancy; insight & judgment; knowledge of charges; understanding of proceedings & ability to assist in own defense.

I have come to the following opinion as a result of such examination:

It is my opinion that the above-named defendant does not as a result of mental disease or defect lack capacity to understand the proceedings against him or to assist in his defense.

(Continued)

*(Office of Mental Health – Office of Mental Retardation and Developmental Disabilities)

FORM AHR 704 (4-78)

State of New York
(OMH – OMR & DD)*

## Page 2 – EXAMINATION REPORT   (Psychiatric Examination, C.P.L. Article 730)

~~It is my opinion that the above-named defendant is an incapacitated person in that the said defendant as a result of mental disease or defect lacks capacity to understand the proceeding against him or to assist in his own defense. My opinion is based on the following:~~

1.     History and Clinical Summary, including Mental Status:  *(Attach additional sheets if necessary)*


       PLEASE SEE ATTACHED



2.     Diagnosis:

3.     Prognosis:

4.     Reasons for my opinion, specifying those aspects of the proceedings wherein the defendant lacks
       capacity to understand or to assist in his own defense:  *(Attach additional sheets if necessary)*


SIGNATURE:  _Ellen Marx, Psy.D ABPP_                    Dated:  ___1/2/19___
                   Certified Psychologist

Print Name Signed:     Ellen Marx, Psy.D,. ABPP

*(Office of Mental Health – Office of Mental Retardation and Developmental Disabilities)

63

# DUTCHESS COUNTY

## DEPARTMENT OF BEHAVIORAL & COMMUNITY HEALTH

### Division of Mental Hygiene

### Poughkeepsie, New York

### Court-Ordered Psychiatric Examination per CPL Article 730

*Attached to C.P.L. Article 730 State of New York FORM AHR 704*

DEFENDANT:   Robert F. Hudson              DOB:  7/20/1947

EXAMINER:    Ellen Marx, Psy.D., ABPP      EXAM DATE:  1/2/2019
             NYS Licensed Clinical Psychologist

LOCATION:    Dutchess County Department of Behavioral & Community Health
             Mental Hygiene Division, 230 North Road, Poughkeepsie, NY 12601

ORDERED AND SIGNED BY THE HON.:   David G. Humeston
                     COURT:       Town of Pine Plains

CHARGES:     Criminal Contempt – 1st degree
             Criminal Mischief – 2nd degree
             Criminal Trespass – 3rd degree

**DATE OF EVALUATION AND NOTIFICATION:**
The defendant is a 71-year-old male who was seen on Jan. 2, 2019 at the Mental Health Clinic at 230 North Road. He arrived without a scheduled appointment asking to speak with the Principal Program Coordinator for 730 exams; she was unavailable, and so the writer met him at the reception desk. He then asked if the writer could meet with him then, which she was able to accommodate. He was informed that the information being provided was not privileged or confidential and that the results would be forwarded to the court. The reason for the evaluation was explained to the defendant, although he immediately disagreed with the phrase "to determine whether you are able to work with your attorney." He explained he was representing himself although a Legal Aid attorney had been appointed. He stated the exam was ordered "to determine if I'm qualified or able to defend myself in county court, (but) I have petitioned to have it heard in Supreme Court." He agreed to participate in the examination. Outside of the court documents and/or police depositions, no additional information was obtained for these evaluations that either confirms or disconfirms the defendant's account of events and self-report of relevant information.

**RELEVANT HISTORICAL INFORMATION:** The defendant stated he grew up in the Bronx and Brewster in an intact family. He denied a family history of mental health, substance abuse, or criminal issues. He has a wife "who sometimes lives with me." He has 4 adult children that he was proud to note were very successful in their careers and lives. He reports he lives "in a house on a mountain." He noted his land was reduced by the county, which apparently has led to his multiple legal complaints. He completed 2 years of college in order to become a BOCES teacher at the Carpentry Union District Council's School. When asked about his health, he stated he does not go to the doctor. He indicated he did go several months ago for sciatica, "but the doctor was no help." He denied a history of mental health treatment ("I've never had any problems"). He also believed being sent to this examination suggested his mental health was an issue and believed this referral was "a violation of the law." He denied a history of alcohol or drug problems and stated, "I had nothing for New Year's Eve."

64

Defendant:    Robert F. Hudson                    Date:  1/2/2019
Examiner:     Ellen Marx, Psy.D., ABPP
Page 2

**CLINICAL ASSESSMENT AND MENTAL STATUS EXAM:** Mr. Hudson arrived unscheduled for an appointment. He was dressed casually and was somewhat disheveled. Grooming was neglected. He limped and attributed this to his ongoing sciatica for which he would not be seeking follow-up care. Eye contact was normal. His demeanor was cooperative, but terse and forceful. He maintained his attention during the entire examination. Speech was verbose, coherent and rapid. Memory was assessed and found to be within normal limits. He was oriented to person, place, date, and circumstances. He does not appear to regulate his sleep and sees no need to. He reported his mood was "fine." Affect was dysphoric and anxious, but appropriate in range and congruent to content. He did not appear to be depressed. He denied past or current suicidal ideation or attempts, stating "no, I'm trying to keep going." He denied having anger control problems or ever being told he has a bad temper. His stream of thought was continuous and difficult to follow given his continual references to the current charges, past charges, and his attempts to move his cases to higher courts. Thought content was somewhat paranoid as he believes himself to be victimized. There were no signs of psychosis or delusional thinking. Executive functioning was not formally assessed but appeared to be at least average. Insight and social judgment were poor. He cannot distinguish socially acceptable from unacceptable behaviors and seems indifferent to the impact of his behavior on others.

**FORENSIC ASSESSMENT:** The defendant referred to his repeating similar charges over the years as "a routine I go through often." He knew he was charged with Trespass ("always the same person"). He acknowledged there was an Order of Protection on this person's behalf. When prompted to comment on the charge of property damage as he had not mentioned it, he knew what was being referred to, but stated, "I remove any obstructions to the road." He knew a felony was more serious and that the charge of "Harassment" was "serious." He did not expect to be found guilty. He frequently referenced appealing his cases to higher courts and up to the NYS Supreme Court or Attorney General. He held a wealth of legal information. His paranoia and hostility to the court system was apparent in his beliefs that the Dutchess Co. Clerk "altered and destroyed my certified record to block my appeal;" that "all people in the community are under arrest" because the State Police broke into his home to remove his rifles; that the DA is an agent of the Attorney General; and that the stenographer alters transcripts. His factual knowledge of the nature and object of the proceedings was adequate. He listed all the officers of the court and their roles, but insisted he was the only important person in the court process. He intends to defend himself and stated "I do not wish (the Legal Aid attorney) to be near me at this time – only in court. I present the case, but it is best to have 2 heads." He intends to go to trial and select jurors himself. He understood what a plea bargain was but stated, "It doesn't exist in my vocabulary; you should go through with the proceeding and not reduce charges." He also intends to testify on his own behalf.

**SUMMARY:** At the time of this report, the defendant presents a rational, albeit rigid and fixed, appraisal of his situation despite repeating the behaviors which lead to his arrest. He can provide an account of his behavior. His appraisal of likely outcomes seems based on the outcomes of previous experiences in court and thus leads him to reject a plea bargain, for example. I considered whether his paranoid personality traits, cavalier repetitive pattern of infringement on the rights of his neighbor, and no consideration of alternatives or consequences could indicate a mental impairment but find these personality traits do not impair his ability to rationally proceed in court. There are no cognitive deficits or delusions associated with mental illness.

<u>IN CONCLUSION:</u>

**CAPACITATED:** It is my opinion that the above-named defendant does not, as a result of mental disease or defect, lack the capacity to understand the court proceedings or assist in his own defense

EM: kh

.. 10. 2019  1:21PM                                                    No. 5388    P.  10

FORM AHX.704 (4-78)                                          State of New York
                                                         (OMH – OMR & DD)*

# EXAMINATION REPORT
## (C.P.L. Article 730)

STATE OF NEW YORK
TOWN OF PINE PLAINS COURT
COUNTY OF DUTCHESS

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | EXAMINATION REPORT |
| VS | Docket No.      18-060019 |
|  | Indictment No. |
| ROBERT F. HUDSON | Information No. |
| DEFENDANT | Charge:         Criminal Contempt – 1st degree, Criminal Mischief – 2nd degree, Criminal Trespass – 3rd degree |

In violation of § 215.51D, 145.10, 140.10 0A

I, the undersigned, duly certified pursuant to law as a certified psychologist having been designated by Thomas Quinn, Ph.D., LCSW-R, Director of Community Services pursuant to an order signed by Hon. David G. Humeston, Judge of the Town of Pine Plains Court, Dutchess County, dated December 6, 2018, to examine the above-named defendant, pursuant to Article 730 of the Criminal Procedure Law, to determine if the defendant is an incapacitated defendant, have conducted such examination with due care and diligence.

The nature and extent of the examination was as follows:  Data of personal identification; family history; personal history; medical & psychiatric history; personal behavior & functioning; intellectual functioning; orientation as to time, place & person; stream & content of thought; inquiry into psychotic phenomena (hallucinations & delusions); emotional response & relevancy; insight & judgment; knowledge of charges; understanding of proceedings & ability to assist in own defense.

I have come to the following opinion as a result of such examination:

It is my opinion that the above-named defendant does not as a result of mental disease or defect lack capacity to understand the proceedings against him or to assist in his defense.

(Continued)

*(Office of Mental Health – Office of Mental Retardation and Developmental Disabilities)     66

10. 2019  1:22PM                                              No. 5388   P. 11

FORM AHR 704 (4-78)

State of New York
(OMH – OMR & DD)*

Page 2 – EXAMINATION REPORT  (Psychiatric Examination, C.P.L. Article 730)

~~It is my opinion that the above-named defendant is an incapacitated person in that the said defendant as a result of mental disease or defect lacks capacity to understand the proceeding against him or to assist in his own defense. My opinion is based on the following:~~

1.   History and Clinical Summary, including Mental Status:  *(Attach additional sheets if necessary)*


PLEASE SEE ATTACHED


2.   Diagnosis:

3.   Prognosis:

4.   Reasons for my opinion, specifying those aspects of the proceedings wherein the defendant lacks capacity to understand or to assist in his own defense:  *(Attach additional sheets if necessary)*


SIGNATURE: _____        Dated: ____1/7/19____
                        Certified Psychologist

Print Name Signed:     Christopher St. Germain, Ph.D

*(Office of Mental Health – Office of Mental Retardation and Developmental Disabilities)

67

# DUTCHESS COUNTY

## DEPARTMENT OF BEHAVIORAL & COMMUNITY HEALTH

### Division of Mental Hygiene

### Poughkeepsie, New York

### Court-Ordered Psychiatric Examination per CPL Article 730

*Attached to C.P.L. Article 730 State of New York FORM AHR 704*

**DEFENDANT:**   Robert Hudson                     **DOB:**   7/20/1947

**EXAMINER:**    Chris St. Germain, Ph.D.          **EXAM DATE:**   1/7/2019
                 NYS Licensed Clinical Psychologist

**LOCATION:**    Dutchess County Department of Behavioral & Community Health
                 Division of Mental Hygiene, 82 Washington Street, Poughkeepsie NY 12601

**ORDERED AND SIGNED BY THE HON.:**   David G. Humeston
**COURT:**   Town of Pine Plains

**CHARGES:**    Criminal Contempt – 1st degree
                Criminal Mischief – 2nd degree
                Criminal Trespass – 3rd degree

## HISTORY AND CLINICAL SUMMARY:

The defendant is a 71-year old male seen at 82 Washington Street on January 7th, 2019 for a 730 evaluation. The reason for the evaluation and lack of confidentiality was explained to the defendant. He was informed that a report would be issued to the judge. He was asked to explain in his own words what was said about the purpose of the examination, which he was able to do. He indicated agreement to participate in this evaluation and stated that he has attended multiple 730 evaluations in the past.

### Historical Information:

Mr. Hudson was evasive on several occasions when he was asked about his personal history for the evaluation. He stated more than once "I don't know why you need to know that" and "that has nothing to do with the assessment of my capacity." When attempts were made to explain the rationale of obtaining this information for the assessment, Mr. Hudson appeared momentarily more cooperative. According to his report, Mr. Hudson was born in New York State and he was raised with married parents and multiple siblings (though he would not state how many). He received his high school equivalency diploma when he was approximately 18yo and then he joined the US Marine Core. He remained in the Marine Core for two years and worked in communications. He states that he attended one year of college classes at Lehman College and 1 ½ years at City College. Mr. Hudson reports that he was employed as an architectural metal and wood worker. He reports that his last full-time employment was at age 58. Mr. Hudson reports that he has been married for approximately 50 years. His wife currently lives in the Bronx and he resides by himself. He did not provide the reason for this difference of residence. The couple has four kids and 9 grandchildren. Mr. Hudson reports that he remains in contact with members of his family.

*68*

Defendant:  Robert Hudson
Examiner:   Christopher St. Germain, Ph.D.      Date:   1/7/2019
Page 2

With regards to health, Mr. Hudson reports that his health is "alright" and appeared to delight in saying that he was physically doing better than many others his age. He denies any long standing medical concerns or significant surgeries, though he does report a history of sciatica and leg pain. He denies any history of substance abuse, mental health conditions, or treatment. He denies any suicidal/homicidal/self-injurious ideation, plan, or intent. He denies that he takes any medications at this time.

Mr. Hudson reports that he has a history of arrests, with 10-15 of them having to relate to similar circumstances as his current legal charges. He did not report the other types of charges/convictions that he has had in the past.

Mental Status exam: Mr. Hudson arrived early to his assessment. He reported that he came directly from the Bronx. While Mr. Hudson was friendly on the way to the assessment room, signs of limited engagement, rigid thinking, and suspicion were quickly evident. His pattern of participation in the assessment appeared to go back and forth between full cooperation to significant evasiveness. This pattern of guardedness continued throughout the assessment, particularly when Mr. Hudson was asked questions that he personally did not deem relevant to the assessment. During this times Mr. Hudson would directly say "I'm not going to answer that because it doesn't have anything to do with my judicial capacity," or he would deflect by engaging in tangential dialogues. Despite his hesitance to participate fully, Mr. Hudson demonstrated a clear understanding of the questions being asked of him and responses to the questions he did answer were relevant and appropriate. He was alert and engaged throughout the assessment and did not demonstrate any signs of responding to internal stimuli. His affect remained stable and, at times, appeared to reveal moments of frustration or pain due to discomfort in his leg. He did not appear depressed or psychotic. He presented with an appropriate rate of speech and a generally strong vocabulary. The pacing of his thought process was typical and his voice was appropriate in volume, tone, and cadence. Mr. Hudson showed no signs of emotional volatility or even fluctuations. He appeared focused. Mr. Hudson was oriented to person, place, and time. Interestingly, Mr. Hudson made it clear that he had obtained information about this evaluator prior to today's assessment, including previous place of employment. This is not typical. Mr. Hudson was asked to participate in an immediate memory task. He was asked to repeat the words "bird," "table," and "green" which he did successfully. He was also able to accurately recall these words minutes later when his delayed memory was assessed. Mr. Hudson was asked to complete a serial 7's attention task which he also completed successfully and quickly. His performance on the mini mental status exam showed no indications of significant impairment.

In terms of adjudicative competence: Mr. Hudson was able to demonstrate basic adjudicative understanding during this evaluation. He was asked to describe the people in a court room to which he stated "there are several people that can be in a court room, and that number becomes reduced when you think about the number of people actually involved in the legal proceedings." He then went on to discuss how most of the language used in court rooms is French in origin and not English. He was redirected back to the assessment. He mentioned that a court room can include a prosecutor/district attorney, judge, stenographer, and defense counsel. He described the role of the prosecutor as "someone whose role is to bring criminal defendants to court and find him, through evidence, guilty of a crime." The judge "the conductor of the court, directs what is or is not admissible and charges the jury with what they are to ascertain based on the evidence of the case," The defense counsel "are supposed to represent you in the court room in order to be a support and present your case." He went on to say "being represented by an attorney can have a crippling effect…it takes away your own opportunity to present facts as you see them and takes away your voice in the room." When asked

10. 2019  1:22PM                                                    No. 5388   P.  14

Defendant:    Robert Hudson
Examiner:     Christopher St. Germain, Ph.D.                Date:   1/7/2019
Page 3

whether or not he currently has an attorney, Mr. Hudson stated "yes I have an attorney. You have an attorney. We are all our own attorneys. It is within us." When asked again, Mr. Hudson stated that he does not "have counsel at this time."

Though he was evasive at times, demonstrated some patterns of rigidity of thought, expressed mild paranoia, and was at times provocative, Mr. Hudson does demonstrate an understanding of the legal system, court proceeding, and legal players involved in his case. There was no indication of significant mental illness or biological defect that would greatly hinder his ability to participate appropriately in the court process.

Given the above, this evaluator believes the defendant <u>did demonstrate an understanding</u> of the roles of the various participants of the courtroom, the courtroom procedures, and the likely outcomes.

## IN CONCLUSION

CAPACITATED:  It is my opinion that the above-named defendant does not, as a result of mental disease or defect, lack the capacity to understand the court proceedings or assist in his own defense

CS/kh

70

3

71

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X
ROBERT HUDSON,

                                                      NOTICE OF ENTRY

                     Petitioner,

     - against -

                                               Index No. 2017-1074

HEATHER M. WILSON, SUPERINTENDENT
OF HIGHWAYS, TOWN OF PINE PLAINS,
CARLETON B. VARNEY, NICHOLAS L.
VARNEY and SEBASTIAN VARNEY,          Assigned Judge:
                                       Hon. Peter M. Forman, A.J.S.C.

                    Respondent  .
-------------------------------------------------------------------X
S I R S :

        PLEASE TAKE NOTICE that the within  is a true and accurate copy of the Decision,

Order and Judgment of the Supreme Court, Dutchess County, dated  July 2, 2018 and entered in

the Office of the Dutchess County Clerk on July 9, 2018..

DATED:  July 11, 2018

                           Yours, etc.

                           WARREN S. REPLANSKY, P.C.

                           By: _____
                           WARREN S. REPLANSKY, ESQ.
                           *Attorney for Defendants*
                           Attorney for Defendant
                           PO Box 838, 60 East Market Street
                           Rhinebeck, New York  12572
                           845-876-7979

72

**TO:**

**ROBERT HUDSON**
*Petitioner Pro Se*
254 Hicks Hill Road
Stanfordville, New York  12581

**PAUL QUARTARARO, ESQ.**
*Attorney for Proposed Intervenor-Respondents*
PO Box 65, 3278 Franklin Avenue, Suite 5
Millbrook, New York  12545

*73*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------X
ROBERT HUDSON,

                                    Petitioner,                              **DECISION, ORDER AND**
                                                                             **JUDGMENT**
              -against-
                                                                              Index No. 1074/2017

HEATHER M. WILSON, SUPERINTENDENT
OF HIGHWAYS, TOWN OF PINE PLAINS,
CARLETON B. VARNEY, NICHOLAS L. VARNEY,
and SEBASTIAN VARNEY,

                                    Respondents.

-------------------------------------------------------------------X

FORMAN, J., Acting Supreme Court Justice

        The Court read and considered the following documents upon this motion to dismiss the

Petition:

                                                                  **PAPERS NUMBERED**


**NOTICE OF MOTION (Varney)**...............................          1
        **AFFIDAVIT**................................................          2
        **EXHIBITS**..................................................          3
        **MEMORANDUM OF LAW**..............................          4

**AFFIRMATION IN SUPPORT (Town)**......................          5
        **EXHIBIT**....................................................          6
        **AFFIDAVIT**................................................          7

**PETITIONER'S RESPONSE (to Varney)**..................          8
        **AFFIDAVIT**................................................          9
        **EXHIBITS**..................................................          10

**PETITIONER'S ANSWER (to Town)**........................          11
        **EXHIBITS**..................................................          12

**PETITION**............................................................          13
        **EXHIBITS**..................................................          14
        **APPENDIX**..................................................          15

-1-

74

Petitioner Robert Hudson owns two contiguous parcels of land-locked real property in the Town of Pine Plains (the "Premises"). The Premises is approximately 21.7 acres in size. Petitioner acquired title to the Premises in 1979, by a tax deed from the Commissioner of Finance of Dutchess County.

The Varney Respondents own a 155-acre parcel of real property that abuts the western border of the Premises. The Varney property has frontage on Hicks Hill Road, which is a public highway owned and maintained by the Town of Pine Plains.

The Varney family has owned the Varney property since 1972. Respondent Sebastian Varney currently resides on the Varney property.

There is a long history of litigation between Petitioner and the Varney family, the focus of which has been Petitioner's desire to gain access to the land-locked Premises over the Varney property. Specifically, Petitioner has attempted to gain this access by relying upon a purported easement over the Varney property based upon an original land grant dating from the mid-1700's. This contentious litigation history includes at least two actions in Dutchess County Supreme Court, and at least three criminal prosecutions.

The first Supreme Court action was commenced by the Varney family in 1984, accusing Petitioner of trespass [Varney v. Hudson, Index No. 2300/1984]. By Order dated December 21, 1984, the Court (Beisner, J.) rejected Petitioner's easement claim, and granted the Varney family's application for an injunction permanently enjoining and restraining Petitioner from entering and trespassing on the Varney property.

Less than five years later, the first criminal prosecution took place in the Town of Pine Plains Justice Court. On August 16, 1989, Town Judge George L. Tenore found Petitioner guilty of Trespass and other related charges. During sentencing, Judge Tenore directed Petitioner to "adhere strictly" to the December 21, 1984 Order.

Approximately five months later, on October 26, 1989, Petitioner was arrested and again charged with Trespass and related crimes on the Varney property. During the ensuing jury trial, Petitioner asserted that the Premises was entitled to an easement over the Varney property based upon the original Nine Partners Land Grant, which had been issued in the mid-1700s. The prosecutor introduced public records, and elicited expert testimony, refuting this claim. The jury ultimately convicted Petitioner of all charges.

On June 6, 1990, Judge Tenore imposed a sentence of 3 years probation. In addition to the general conditions of probation, Judge Tenore also imposed a special condition prohibiting Petitioner from trespassing on the Varney property.

Approximately two months later, on August 31, 1990, Petitioner commenced an action pursuant to Article 15 of the Real Property Actions and Proceedings Law [Hudson v. Varney, Index No. 3717/1990]. This quiet title action sought a declaration that the Premises benefitted from an easement over the Varney property. By Decision and Order dated July 18, 1991, the Court (Jiudice, J.) granted the Varney family's motion to dismiss the action. Specifically Judge Jiudice held that Petitioner's easement claim over the Varney property was barred by the doctrines of res judicata and collateral estoppel. That determination was subsequently affirmed on appeal [Hudson v. Varney, 196 AD2d 856 (2d Dept. 1993)].

Over the following years, Petitioner has been arrested several times for trespassing on the Varney property.[1] Most recently, in 2017, Petitioner was convicted of Criminal Trespass in the Third Degree after trial in the Town of Amenia Town Court.[2]

---

[1] In a June 5, 2017 federal court filing , Petitioner estimated that he has been arrested "more than 10 times" for trespassing on the Varney property [Hudson v. Miano, 12 Civ. 5548 (KMK)].

[2] The case was transferred from the Town of Pine Plains Town Court to the Town of Amenia Town Court following the recusal of both judges in Pine Plains.

On May 15, 2017, Town Judge Norman Moore sentenced Petitioner to 90 days jail. Judge Moore also issued a Final Order of Protection, which prohibits Petitioner from entering the Varney property.[3]

On or about March 2, 2017, Petitioner filed an application for the establishment of a private road across the Varney property, running from Hicks Hills Road to the Premises. This application was filed with the Town of Pine Plains Highway Superintendent, pursuant to the private condemnation provisions of Highway Law §300, et seq.  (the "Application").

On May 9, 2017, Petitioner commenced this proceeding seeking a writ of mandamus compelling the Town and the Highway Superintendent to schedule a jury trial in the private condemnation proceeding. By Decision and Order dated August 20, 2017, the Court (Sproat, J.) granted the Varney motion to intervene in this proceeding.

The Varney Respondents now move to dismiss this proceeding on the grounds, *inter alia*, that the proposed private road would encroach on DEC-regulated wetlands. The Varney Respondents also move to dismiss this proceeding on the grounds that the proposed private road would encroach on woodlands that are dedicated to a forestry plan pursuant to Real Property Tax Law §480-a.

The Town Respondents also move to dismiss on the grounds, *inter alia*, that Petitioner has not established that he has a clear legal right to the relief that he seeks in this proceeding. Specifically, the Town Respondents assert that the Application was "confusing, inconsistent and, in many ways, incoherent" [Replansky, ¶6].  The Town Respondents also assert that "it was difficult to discern the length, width and actual location of his requested private road." The Town Respondents also assert that it was unclear what impact the lengthy and contentious litigation

---

[3]  Petitioner was released pending the outcome of his appeal from that conviction.

history between the parties would have on the Application. Finally, the Town Respondents assert that Petitioner commenced this proceeding before a determination could be made as to whether the Application satisfied the requirements of Highway Law §300, et seq.

For the reasons stated herein, the motion to dismiss is granted.


## DISCUSSION

"Highway Law §300 requires that an application for a private road specify its width and location, courses and distances, and the names and owners and occupants of the land through which it is proposed to be laid out." [Matter of Siwula v. Town of Hornellsville, 56 AD3d 1253 (4th Dept. 2008)]. "The purpose of the description requirement is to enable the owner to know what portion of his lands it is the petitioner's intent to acquire, and the jury to determine whether the road is necessary and if so what damages to assess." [Matter of Pratt v. Allen, 116 Misc.2d 244, 248 (Sup. Court, Chemung County 1982). *See also* Matter of Preserve Associates, LLC v. Nature Conservancy, Inc., 35 Misc.3d 351, 360 (County Court, Franklin County 2011)].

The granting of mandamus relief "is discretionary, and should be denied if there is any doubt of its necessity or propriety." [Towner v. Jimerson, 67 AD2d 817, 818 (4th Dept. 1979)]. "Although mandamus will not issue unless the right which it is designed to enforce is clear, it does not follow that it necessarily issues upon the mere establishment of this right." [id. at 818]. "There may be considerations calling for the denial of the relief in the exercise of the court's discretion, which may be based upon the impossibility of obedience or futility of performance." [id. at 818].

Here, there is substantial doubt as to the necessity of the requested mandamus relief. No evidence has been presented suggesting that the Town unnecessarily delayed consideration of the

78

Application, particularly given the "confusing, inconsistent and.. incoherent" nature of the information contained within it. Respondents have also demonstrated that the Application cannot be granted as currently proposed because the Department of Environmental Conservation has not issued the necessary wetlands permit, nor has the Department of Environmental Conservation approved the modified forestry plan that would be required to construct the proposed private road. Finally, there is substantial doubt as to the propriety of this application, given Petitioner's 30-year history of trespassing on the Varney property, in blatant violation of multiple court Orders, resulting in his repeated arrest and criminal prosecution.  Based on the foregoing, it is hereby

ORDERED, ADJUDGED AND DECREED, that the Verified Petition is dismissed.

Dated: Poughkeepsie, New York
        July 2, 2018

HON. PETER M. FORMAN, A.J.S.C.

TO:    Robert Hudson
        Petitioner Pro Se
        254 Hicks Hill Road
        Stanfordville, New York 12581

        Warren S. Replansky, P.C.
        Attorney for Respondent
        PO Box 838
        60 East Market Street
        Rhinebeck, New York 12572

        Paul Quartararo, Esq.
        Attorney for Proposed Intervenor-Respondents
        PO Box 65
        3278 Franklin Avenue, Suite 5
        Millbrook, New York 12545

4

80

To: The Chief Administrative Judge
of the Courts of the State of
New York - Lawrence K. Marks

To: the Honorable Judge
    Greetings,
        I am defendant, Robert Hudson
in the Dutchess County Criminal
court, Dutchess County Court. I
now, am now charged with three
Felonies and two Misdamenors
in an action for trespass. I have
Told the court in the County of
Dutchess that I am self Represented,
and have the courty of Dutchess
County - Denying my right to
Defend myself in a court of
Law.
        The Public Defender has said
He wanted to represent me the
Defendant. As the Defendant I
Told the Public Defender that
I, Defendant Robert Hudson will
Defend Myself and that the

1 ( 81 )

PubLic Defender will please give DEFendant Counsel to Assist Defendant in preparing Defendants Plea of Title Defense for Trial BY Jury Demanded.

Both the Judge Peter Forman And PubLic Defender Thomas AngLe have Both told Defendant, Robert Hudson that the PubLic Defender, Thomas AngEl will take Defendant, Robert Hudson's right to SELF REPRESENTATION.

Defendant, Robert Hudson has passed the EXAMINATION by two Dutchess County Agents. The two Dutchess County Agents have stated in written opinions that Defendant Robert Hudson was quaLified to defend HimseLf.

Judge Forman of the Dutchess County Court AND the head of the PubLic Defenders Office have both said That Defendant Robert Hudson may not present his own Defense and seLf Represent himseLf

Defendant Robert Hudson is presently

in the Dutchess County Jail; where the Mental Health Examiner has stated that Defendant Robert Hudson had to take A mental Health Examination on May 29, 2019 And sign doccuments to Allow the Mental Examination. Defendant, Robert Hudson refused to sign any papers And refused to Take The Mental Health Examination. On the following day Defendant was brought back to the Dutchess County mental Health Examiners Office And to sign A statement that Defendant had refused to Allow the Mental Health Examination. Defendant Refused to sign Any Mental Health Examination doccuments.    It is a violation of the onstitution of the State of New York to place a Citizen in Prison for PSychiatric Observation without reason to beleive that Defendant was not capable to Defend himself.

Every time Public Defender, Thomas Angel speaks to Defendant,

3 (83)

Robert Hudson it is to have Robert Hudson turn over Defendant's Robert Hudson right to speak in a court of Law as a self Represented Citizen. Thomas Angel has stated to Defendant that he would have a N.Y.S. Surveyor From Dutchess County lay out an Easement to Defendant Robert Hudson's home and property. N.Y.S. Executive Law states that an Easement is Less than an Estate; in Fee an Estate of inheritance.

From Jail Robert Hudson has Attempted to perfect a Notice of Motion and Affidavit on Motion to the New York State Supreme Court Division Second Judicial Department which has been sent:- To have Judge Peter Forman recuse himself from the criminal Court Complaint against Robert Hudson.

The Dutchess County Public Defenders Office has sent the

4 (84)

a private investigator to investigate
Defendant Robert Hudson's friends.
Defendant Robert Hudson did not authorize
the Public Defender's Private Investigator
and he does not work for Defendant.

The private Investigator is not
needed for Robert Hudsons Defense.

Defendant, Robert Hudson is
Represinting himself. The Public Defender
Thomas Angel does not have any right
to Represent Defendant, Robert Hudson
and has been told that Thomas Angel
does not have any right to fide any
document or motion upon Defendant
Hudson's behalf.

1. Defendant, Robert Hudson
Requests that Defendant may
Proceed to trial without the Dutchess
County Court denying Defendant's
right to Represent Himself.

2. Defendant requests a copy of the
Grand Jury proceedings At Least two
days before trial

3. Defendant Request that his subponies
be Signed by an officer of the Court before Trial

Dated: Dutchess County Jail       Respectfully Yours
June 4, 2019            (85)      Robert Hudson



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $3.50 | 0527 04 |
| | $0.00 | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.55 | |
| $ | | 06/12/2019 |
| Total Postage and Fees | $.05 | |

Sent To *Chief Administrative Judge NY*

Street and Apt. No., or PO Box No. *25 Beaver St*

City, State, ZIP+4® *New York NY 10004*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 1450 0000 9287 7808

6 (86)

5

CRIMINAL COURT-COUNTY COURT
COUNTY OF DUTCHESS

_____

PEOPLE OF THE STATE OF NEW YORK,          N.Y.S. Dutchess County Criminal Court
                                                            INDEX NUMBER
          _AGAINST                                        000136 / 2018

ROBERT HUDSON, DEFENDANT>

_____

## RIGHT AND TITLE TO HICKS HILL ROAD REAR
## OVER THE COMMON GRANTOR'S LAND
## COMMON GRANTOR - LOT #8 SAMPSON SHELDON BROUGHTON

## EXHIBITS

1. LETTERS PATENT – LITTLE NINE PARTNERS
   Original DUTCHESS COUNTY LITTLE NINE PARTNERS PATENT, GRANTEE
   BROUGHTON SAMPSON AND OTHERS Dated April 10, 1706- Witnessed an original
   copy on file at the New York State Archives, of the letters patent granted to Broughton,
   Sampson and others dated, April 10, 1706 Witnessed a true copy, by New York State
   Archivist William P. Gorman. 13th Day of December 1996.

2. Original  DUTCHESS COUNTY, LITTLE NINE PARTNERS, LETTERS PATENT
   GRANTEE BROUGHTON SAMPSON AND OTHERS Dated September 25, 1708-.
   Witnessed a true copy of the original Second Nine Partners letters patent on file at the New
   York state Archives, by Archivist William P. Gorman December 13, 1996

3. CHAPTER 623 OF THE LAWS OF THE COLONY OF NEW YORK  AN ACT for the
   Partition & Division of a certain tract of land in Dutchess County, Granted to Sampson
   Broughton and Others PASSED NOVEMBER 28, 1734 CONFIRMED BY THE KING
   January 12, 1737 "with letter of Affirmation that *623 of the Colonial Laws of the Colony
   of New York of 1734 are listed on pages 868 through 876 of the Colonial Laws of New York
   from the year 1664* to the Revolution Volume II.. This book is owned by the Local History
   departments of the Poughkeepsie Public Library District. Signed Julie Cohen, Assistant
   Director of the Poughkeepsie Public Library Dated August 11, 2000.and Certificate from the
   New York State Special Deputy Secretary of State, James Auibe, September 05, 2000 that
   Chapter 623 of the Laws of 1734 and that the same is a true copy of the original.
   .  The Colonial Laws of New York Volume II stated upon the first page that they were
   transmitted to the Legislature by the Commissioners of Statutory Revision, Pursuant to
   Chapter 125 of the Laws of 1891.

*88*                                              1

# EXHIBITS

4.  . Chapter 125 of the Laws of !891 AN ACT to provide for the publication of the colonial statutes from the foundation of the colony to the adoption of the first constitution of the state of New York Became a law without approval of the Governor, in accordance with the provisions of article 4 of the Constitution of New York  April 2, 1891.-

Section 2. The republication shall be in octavo volumes of not less than 600 or more than 750 pages.

Section 5 It shall appear on the title page of every volume that it was published pursuant to this act, and the statutes contained therein shall be evidence in any action or proceeding and of the same force and effect as though the original was produced.

Section 6. This act shall take effect immediately.

that these colonial laws would be

Chapter 125 Became a law without approval of the Governor, in accordance with the provisions of  article 4 section nine of the constitution April 2, 1891.

5   Chapter 400 of the laws of 1897 AN ACT to amend Chapter one hundred and twenty five of the Laws of Eighteen hundred and ninety one, entitled An act to provide for the publication of the colonial statutes from the foundation of the colony to the adoption of the first constitution of the state of New York became a law May 10, 1897  with approval of the Governor, passed three fifths being present..

Act amended

Section 1. Sections two three and five of chapter one hundred and twenty five of the laws of Eighteen hundred and ninety one entitled " An act to provide for the publication of the colonial statutes from the foundation of the colony to the constitution of New York," are hereby amended to read as follows:

Reproduction of Statute-

Section 2 The republication shall be in octavo volumes of not less than one thousand or more than thirteen hundred pages each with an index to each volume

Title Page-

Section 5. It shall appear on the title page of every volume that it was transmitted to the legislature by the commissioners of statutory revision, pursuant to chapter one hundred and twenty five  of the laws of  eighteen hundred and ninety one, and a statute contained in such report shall be evidence in any action or proceeding and of the same force and effect as though the original were produced, if it appears from the publication that such statute were copied from the original.

Section 3. This act shall take effect immediately.

6   The Original Colonial Laws of 1734 Chapter 623 from volume 14 of the Original colonial laws of Province of New York Passed By the Colonial Legislature (series A0212) ON FILE in  the N.Y.S. Education Department Archives at Albany, New York An Act for the Partition and Division of a certain Tract of Land Belonging to Sampson Broughton and others verified a true copy of the Original Chapter 623 0f the Colonial Laws of 1734. Signed a true copy of the original, By Monica Grey, Senior Archivist of N.Y.S. Archives Albany, dated 23 of June 2016.

**EXHIBITS**

7.  CONSTITUTION OF THE STATE OF NEW YORK
    Article I –Bill if Rights, Section 14. [Common law and acts of the colonial and state
    legislatures,] Section 14.  Such parts of the common law, and acts of the legislature of the
    Colony of New York, as together did form the law of said colony, on the nineteenth day of
    April. One thousand seven hundred and seventy-five, and the resolutions of the congress
    of the said colony, and of the convention of the State of New York, in force on the
    twentieth day of April, one thousand seven hundred and seventy-seven, which have not
    since expired, or been repealed or altered; and such acts of the legislature of this state as
    are now in force, shall be and continue the law of this state, subject to such alterations as
    the legislature shall make concerning the same. But all such parts of the common law, and
    such of the said acts, or parts thereof, as are repugnant to this constitution, are hereby
    abrogated. (Formerly section 16.Renumbered and amended by Constitutional Convention
    of 1938 and approved by vote of the people November 8, 1938).

8.  A MAP of 63 lots of land being part of a Tract Of Land Being Commonly Called the
    Second Nine Partners Patent Situated in Dutchess County in the Province of New
    York Laid Down by a Scale of Fifty Chains to one Inch by CHARLES CLINTON
    May the 7th 1744 – The course and Distance of each line of land laid down on this map
    conformable to act of assembly by which the land is divided. Certified a True tracing of this
    Map on file in the Dutchess County Clerks Office Filed May 7, 1744 Signed Dutchess
    County Clerk, William R Steinhaus September 17, 1990.

9.  Wednesday day the 25th of May 1743 William Cockburn SURVEY OF LITTLE NINE
    PARTNERS Lot Number 8 – Charles Clinton's Survey of the Little Nine Partners Tract of
    Land.With Certification of Survey done 25 of May, 1743 William Cockburn papers survey
    of lot Number 8, Little Nine Partners with a description of lots  (Cockburn papers SC7004
    Book 2 Folder 67 Manuscripts and Special Collections Section N.Y.S. Library) Certified a
    true copy of the original of Survey f Lot Number 8 In wittiness thereof  I hereunto set my
    hand and affix the seal of the State Education Department At the City of Albany, this 10th
    day of October 1996 Paul Mercer Librarian of the Manuscripts and Special Collections
    Section of the New York State Library, Albany.

10. SECOND NINE PAETNERS TRACT DEED Book Liber 2B page 45
    Provence of New York, Dutchess County Second Nine Partners pursuant To an Act of
    the Assembly of this Province lately made and provided for the more easy partition of lands,
    a part of the Tract of Land Called the second Nine Partners Tract Deed Lot Number 8
    belonging to Sampson Sheldon Broughton Deed Dated 19th day of October in the Eighteenth
    Year of the Reign of Our Sovereign Lord George and recorded in Dutchess County Book 2b
    at  page 54, March 26th 1745 –Certified by the Dutchess County Clerk, Richard Anderson a
    True Copy of the Original deed certified by Dutchess County clerk September 20, 2000.

EXHIBIT

11.  August 6, 1979 Dutchess County Delinquent Tax Sale Deed Liber Book 1515 page 632 of Robert Hudson Duchess County Tax Grid No.12-6770-00-316872-00, signed by Grantors Dutchess County Executive, Lucille Patterson and Clerk of the Dutchess County Legislature, Joan A. Traver in Robert Hudson Deed 1515 page 632 CHAIN OF TITLE by Premier Abstract Co. inc. and  Feldman Jacobson, Abstract Corp., Craig T. Digilio Esq...

12  August 6, 1979 Dutchess County Delinquent Tax Sale Deed Liber book 1515 page 634 to Robert Hudson Dutchess County Tax Grid Number 12-6770-00-316872-00 signed by grantors Durchess County Executive, Lucille Patterson and Clerk of the Dutchess County Legislature, Joan A. Traver in Robert Hudson Deed 1516 page 634 CHAIN OF TITLE by Anne Lynch Title Search Company Inc, Dated June 1, 1996.

13.   Varney Chain of Title Deed Done by Lynch Abstract Co. Inc September 8, 2000 Bridget Lynch. Varney Chain Robert Hudson N.Y.S. Highway Law, Article 300 Private Road Petition Deed Book Liber 56 Page 387 stated "All that certain lot, piece, parcel of land situate in the town of North East  aforesaid being part of Lot Number 8 in the division of the Little Nine Partners Patent Bounded as follows:

14.  New York State Conservation Mapping X151 with Letter describing 4 Maps including Map X151 from the New York State Dept. of Environmental Conservation Surveyor, Robert Burger Showing Both Varney Property and the Hudson Property in the Little Nine Partners Tract lot Number 8.

15.  September 15, 1983 Official Town of Pine Plains, Register Herald Newspaper article of a fire burning upon Defendant Robert Hudson Land; the fire burned for more than a week and required 100 firefighters from five towns and the New York State Department of Environmental Conservation using a bulldozer to clear a road from Hicks Hill Road over the Varney property to Robert Hudson Land and estate.

16.   1979 Varney and Hudson Dutchess County- Pine Plains 6770 Tax Map.

NEW YORK STATE CONSERVATION LAND 12-6770-00-070610-00
FROM Lynch Abstract Company, Deed Chain of Title

17.   1936 Dutchess County Pine Plains Tax Roll of Mary M. Hinkley, 210 acres Listed on this Tax Rolls Hicks Hill Road on the North and Hicks Hill Road on the West,  east by Mountain South by Stanford; Chain of Title by Lynch Abstract Company - in Petition to the Dutchess County Supreme Court 1074/ 2017, in 000136 Motion to Dismiss Judge Peter Forman.

18.   Dutchess County Delinquent Real Property Tax Auction Notification July 17, 1979.

EXHIBIT

## ARTICLE 10 OF THE REAL PROPERTY TAX LAW SECTION 1001 THROUGH 1086 BECAME THE TERMS OF SALE FOR Robert Hudson Deeds Purchased at a Dutchess county Delinquent Tax Land Sale

19.   Robert Hudson Tax Sale Deeds stated the Real Property sold to Robert Hudson was sold under the Laws of the State of New York. Dutchess County 1.Deed 1515 at page 632 Dutchess County, Town of Pine Plains Tax Map Grid Number 12-6770-00-285878-00

20.   Map Plotting by N.Y.S. Surveyor, Robert E. Sorace Lic. No. 49162, listing Defendant's property 12-6770-00-285878-00 as 8 acres and 26 roods of land 2. Dutchess County, Town of Pine Plains Deed 1515 page 634 Dutchess County, Town of Pine Plains Tax Map Grid Number 12-6770-00-316872-00. with Map Plotting by N.Y.S. surveyor Robert E. Sorace License No.49162 listing property deed area 14 acres.

## 21          Robert Hudson's N.Y.S. Real Property Tax law for Real Property Deed Terms of Sale of Property

**N.Y.S. Real Property Tax Law Article 10-Section 1019 Certain lands in forest preserve to be offered for sales to state .N.Y.S. Laws 1959 section 733 at page 1777** Robert Hudson's properties were first offered for sale to the State of New York and the N.Y.S. **and the N.Y.S.** Dept. of Environmental Conservation Made up the Map X151, with letter from New York State Department of Environmental Conservation Surveyor Robert Burger listing in his letter MapX151 as New York State Conservation Map.

Under N.Y.S. **Real Property Tax Law Article 10 Section 1020**.
Effect of conveyance  1. A conveyance by county treasurer pursuant to section ten hundred eighteen of this chapter shall vest in the grantee an absolute estate in fee, subject, however, to (a) all claims of the county, village, town, city or state for taxes, liens or other encumbrances and subject to all easements or rights of way which were in existence at the time of the levy of the tax the non-payment of which resulted in the tax sale. Loening v. Red Spring Land Company et al Supreme Court Special Term Nassau County, November 30, 1940 Taxation Key 783 A Tax Title to Land is subject to all easements in or rights of way over land at time of levy of tax for non payment of which land was sold  Tax Law Section 154.

Under Article 10 Section 1082 of the APPLICATION OF TITLE Section 3. Upon the commencement of such an action all tax sale certificates of the real property described in the complaint and all other evidence of a tax sale of such real property which are not deeds, upon and through which plaintiff claims ownership of or some right, title and interest in such real property shall be deemed to be and ever thereafter shall be the equivalent of a conveyance in fee.

EXHIBIT

22.   Under N.Y.S. Laws 1959 CHAPTER 733 AN ACT to amend the real property tax law, the village law, the tax law, the conservation law in relating to making certain corrections therein etc. at page 1775 bottom of page Real Property Tax Law section 1084 Subdivision 2 amended 2. all the provisions of Article 15 of the real property law shall apply to such an action, except that [the plaintiff shall not be required to allege or prove that either the plaintiff or the plaintiff's predecessor in title, is or ever has been in possession of such real property, and except that the action may be maintained notwithstanding the fact that the property is vacant and unoccupied. It] *it* shall not be necessary for the complaint to set forth facts showing whether the defendant is known or unknown, or weather any defendant is or might be an infant, an idiot, a lunatic, or an habitual drunkard. Defendant Robert Hudson filed 3 Article 15 petitions to the Supreme Court Dutchess County to quiet his title. The Law states that a Petition under Article 15 of the Real Property Law can never be concluded without final order and decision.

23.   DUTCHESS COUNTY 911 Emergency Response RESOLUTION 200273 of 1999 AMENDED by Resolution 990261 of 2000Requiring every property in Dutchess County to have an Emergency Response Road to the property.

10 Opinions of Counsel State Board of Real Property Services May 13, 1992 Revised April 20 2011 (AT PAGE 80)- Tax Maps (public access) (archival maps) Public records (tax map)(archival copy) –Public Officers Law, Section 87; Real Property Tax Law, Section 503:

### Archival tax maps must be permanently retained as public record along with the tax rolls to which they relate.

Our Opinion has been Requested concerning whether the public has access to tax maps of a prior year. The Freedom of Information Law (Public Officers Law, art.6) request was made requesting a copy of a map from a prior year. The County in Question retains microfilm copies of the tax maps but because the map is subject to ongoing revision, it has been the policy of the particular county to discourage or even deny access to archival tax maps. The issue here is whether this policy is a correct one, and whether the Freedom of Information Law request should be allowed.

We disagree with the policy and believe that access should be allowed.

Tax maps are to be prepared and maintained in current condition (Real Property Tax Law section 503). Each year the county director of real property tax services is to provide each assessing unit with either new map sections or necessary changes to existing maps(10 Op. Counsel SBRPS No.2). These maps are to be available with the tentative assessment roll and are to be current as of taxable status date (9NYCRR189.16(b); 3 Op Counsel SBEA No.35). When a tax map has been approved by the State Board, references to the tax map number is deemed a sufficient description of any parcel in such map for purposes of an assessment roll where the tax map is used to identify parcels (RPTL. SECTION 502(2); 9NYCRR 190-1.2(b)(2). Assessors must use tax maps in preparing assessment rolls (RPTL. Section503(1), and tax maps are to be integrated with assessment

EXHIBIT

rolls ((6 Op Counsel SBEA No. 22).

Since the Tax Map is used to describe the parcels listed on the assessment roll or tax roll it must be kept and made available in conjunction with the tax roll. That is since the tax roll is a public record which must be permanently retained (e.g. RPTL946), it necessarily follows that the tax maps applicable to that roll must be permanently retained. The permanent map retention is recognized in the Records Retention Schedule CO-2 issued by the Government Records Bureau of the State Education Department's State Archives and Records Administration (p.89,item 6b). Section 57.25 of the Arts and Cultural affairs Law prohibits local officials from disposing of public records without the consent of the Commissioner of Education. Schedule CO-2 includes a series of retention periods for use by county officials.

The Freedom of Information Law provides that all government records are public unless they fit within one or more of the statutory exemptions (see, Public Officers Law Section 87(2). In our opinion an archival tax map does not fit into any of the exceptions even though a more current map may now exist, It must be made available for public inspection and copying. May 13, 1992 revised April 2011.

The Dutchess County Clerk, The Dutchess County Treasurer, The Dutchess County Director of Real Property Tax services and the Town of Pine Plains Assessor and Town of Pine Plains Clerk, all denied access to Tax Maps related to the 1973 Pine Plains Gad Bernstein Tax rolls for the Miller Pond Farm (and all previous Tax Rolls for the Bernstein property ) list this property as 160 acres but the 1973 6770 Tax Map for the Miller Pond Farm property for 1973 list this property as 165 acres.
The 1973 Pine Plains Tax Roll and the 1973 Tax Map were altered. The COUNSEL for New York State Board of Real Property Services has stated that Tax Maps and Tax Rolls together form one Integrated Document..

24.  1973 160 acre and 1974 165 acres Tax Rolls of Property 12-6770-00-152991.

25.  1972 Dutchess County Tax Map 6770 listing the Highway Road listed on Varney deed at Dutchess County book liber 1193 at page 248 running along the North side of the Varney Property.

## NO CRIME COULD BE COMMITTED BT DEFENDANT, ROBERT HUDSON 31 NEW YORK JURISPRUDENCE SECOND – CRIMINAL LAW

If conduct is all that is required for the commission of the particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, the offense is one of strict liability CLS Penal Law Section 15.10. If on the other hand, a culpable mental state on the part of the actor is required with respect to every material element of the offense, such offense is one of mental culpability. Most offenses in the Penal Law must be committed with some culpable mental state. CLS Penal Law Section 10.10

ROBERT HUDSON STATEMENT OF TITLE TO ROAD
OVER THE
VARNEY PROPERTY

Exhibit 14 The New York State Conservation Map X151 was filed in the Dutchess County Real Property Tax services office. Map X151 showed that both the Varney property and the Hudson property were in the Little Nine Partners Tract that Lot Number 8. EXHIBIT 10. The Dutchess County Deed Liber 2b page 45 showed Little Nine Partners Tract Lot Number 8 belonged to Sampson Sheldon Broughton, The Common Grantor of both the Complainant Varney and the Defendant Hudson Property.

Exhibit 15, is the September 15, 1983 Newspaper Article from the Official Town of Pine Plains Newspaper for 150 Years, The Register Herald Newspaper .that Stated that a fire on Stissing Mountain, for more than a week, brought five (5) surrounding Fire Departments, the N.Y.S. Department of Environmental Conservation and required a Bulldozer to come and cut a road to the fire to put out the fire. Carleton Varney filed a civil complaint in the **Supreme Court Dutchess County 2300/1983** against Robert Hudson for the N.Y.S. Dept. of Environmental Conservation and others. for the road from Hicks Hill Road cut across the Carleton Varney property to Defendant Hudson's property to put out the Fire on the Robert Hudson Property.

Exhibit 23. Since the Year 2000 and 2001 the Dutchess County Legislature Resolution No. 200273 of 1999 and amended by Resolution 990261 of 2000 Establishing a sign law requiring that every property in the County of Dutchess have a Road from the main road to the Citizens property to come for any emergency 911 purpose that may arise.

The Road stated upon Robert Hudson's Deeds is Hicks Hill Road Rear the same HICKS HILL ROAD over the Varney property is stated in the 1936 and 1963 Dutchess County Pine Plain Real Property tax rolls of the N.Y.S. Conservation Dept. Property 12-6770-00-070610-00 at Exhibit 17 adjacent and juxtaposed to Varney on the south. . The Road was Stated by Defendant, Robert Hudson's Predecessor in title Mary Ann Wilkinson in Dutchess County Deed of John and Mary Ann Wilkinson, Dutchess County Liber Book 176 Deed page 205 stated "also a right to pass through the other part of the farm deeded to Stephen Tompkins". Thomas Tompkins is listed in the Varney Chain of title same Right of Way Hicks Hill Road that the Dutchess County Emergency Response Fire Department teams used over the Varney Property to come to Robert Hudson Land to put out the Fire in 1983 as shown in the Register Herald Newspaper Article at Exhibit 15; this is this same road over the Varney Property that Robert Hudson has used for the past 40years for Road access to his home and property.

Yours Truly,

Robert Hudson
254 Hicks Hill Road
Stanfordville New York 12581

95 [8]

6

STATE OF NEW YORK

COUNTY OF DUTCHESS

      I, BRADFORD KENDALL, County Clerk and clerk of the Supreme and County Courts, Dutchess County, do hereby certify that I have compared this copy with the original computerized docket which is the product of routine data storage last updated on 5/9/17 and the same is a true and accurate transcript thereof.

      In witness whereof, I have hereunto set my hand and affixed my official seal,

      On this 12 day of May , 2017 .

_____
County Clerk and Clerk of the Supreme Court, Dutchess County

97

**Dutchess County Clerk**                                   Clerk's Minutes - 03-2017-1074

| Filed | Type | | | Court | | Municipalities | | | |
|-------|------|--|--|-------|--|----------------|--|--|--|
| 5/9/2017 | | | | SUPREME | | | | | |

| Party Type | Error / Correction | Name | | | Date Filed | 3P | Satisfied | Sealed | E-Filing Opt Out |
|------------|--------------------|------|--|--|-----------|----|-----------|--------|------------------|
| Plaintiff | | HUDSON ROBERT | | | 5/9/2017 | | | | |
| Defendant | | PINE PLAINS TOWN HIGHWAYS SUPERINTENDENT | | | 5/9/2017 | | | | |
| Defendant | | WILSON HEATHER M | | | 5/9/2017 | | | | |

| Docket Entry | | | | | | | | | Date |
|--------------|--|--|--|--|--|--|--|--|------|
| RJI. | | | | | | | | | 5/9/2017 |

3P = Third Party Action
LP = Lis Pendens



STATE OF NEW YORK

COUNTY OF DUTCHESS

I, BRADFORD KENDALL, County Clerk and clerk of the Supreme and County Courts, Dutchess County, do hereby certify that I have compared this copy with the original computerized docket which is the product of routine data storage last updated on 4/9/18 and the same is a true and accurate transcript thereof.

In witness whereof, I have hereunto set my hand and affixed my official seal,

On this 10th day of April, 20 18 .

_____
County Clerk and Clerk of the Supreme Court, Dutchess County

99

Dutchess County Clerk                                          Clerk's Minutes   03-2017-1074

| | Filed | Type | | Court | Municipalities | | |
|---|---|---|---|---|---|---|---|
| | 5/9/2017 | | | SUPREME | Pine Plains | | |

| Party Type | Error / Correction | Name | Date Filed | 3P | Satisfied | Sealed | E-Filing Opt Out |
|---|---|---|---|---|---|---|---|
| Plaintiff | | HUDSON ROBERT | 5/9/2017 | | | | |
| Defendant | | PINE PLAINS TOWN HIGHWAYS SUPERINTENDENT | 5/9/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Defendant | | WILSON HEATHER M | 5/9/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Defendant | | PINE PLAINS SUPERINTENDENT OF HIGHWAYS | 6/13/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Defendant | | VARNEY CARLETON B | 9/19/2017 | | | | |
| Defendant | | VARNEY NICHOLAS L | 9/19/2017 | | | | |
| Defendant | | VARNEY SEBASTIAN | 9/19/2017 | | | | |

| Docket Entry | Date |
|---|---|
| RJI | 5/9/2017 |
| LETTER | 5/12/2017 |
| NOTICE OF PENDENCY | 6/13/2017 |
| AFFIDAVIT OF SERV   SUPPORTING PAPERS | 6/13/2017 |
| AMENDED RJI | 6/13/2017 |
| PLAINTIFF'S REPLY      RESPONDENT'S ANSWER        SUPPORTING PAPERS & EXHIBITS | 6/19/2017 |
| PLANTIFFS BILL OF PARTICULARS      SUPPORTING PAPERS & EXHIBITS | 6/26/2017 |
| NOTE OF ISSUE W/ JURY DEMAND & CTF OF READINESS    AFFIDAVIT OF SERV BY MAIL | 6/28/2017 |
| AFFIDAVIT OF MAILING - 2 | 8/4/2017 |
| AFFIRMATION IN SUPPORT OF INTERVENOR VARNEYS MOTION FOR CIVIL CONTEMPT EXHIBIT    AFFIDAVIT OF SERV BY MAILING | 8/17/2017 |
| DECISION & ORDER - SPROAT - 8/22/2017     NOTICE OF MOTION TO INTERVENE & NOTICE OF MOTION FOR CIVIL CONTEMPT     PROPOSED INTERVENOR RESPONDENT'S ANSWER AFFIRMATION IN REPSONSE     SUPPORTING PAPERS & EXHIBITS | 8/23/2017 |
| ORDER TJO AMEND CAPTION - SPROAT 9/18/217     SUPPORTING PAPERS | 9/19/2017 |
| EXHIBIT | 10/27/2017 |

| Comment | Date | Liber | Page |
|---|---|---|---|
| ADDING PARTY (LP) | 6/13/2017 | | |
| CLERKS NOTE: CAPTION INCLUDES PROPOSED PARTIES | 8/23/2017 | | |
| ADDING PARTY | 9/19/2017 | | |

3P = Third Party Action
LP = Lis Pendens

*100*

STATE OF NEW YORK

COUNTY OF DUTCHESS

     I, BRADFORD KENDALL, County Clerk and clerk of the Supreme and County Courts, Dutchess County, do hereby certify that I have compared this copy with the original computerized docket which is the product of routine data storage last updated on  7/9/2018      and the same is a true and accurate transcript thereof.

     In witness whereof, I have hereunto set my hand and affixed my official seal,

     On this   11th    day of July, 2018.

_____

County Clerk and Clerk of the Supreme Court, Dutchess County

*101*

Dutchess County Clerk                                           Clerk's Minutes - 03-2017-1074

| | Filed | Type | | Court | | Municipalities | |
|---|---|---|---|---|---|---|---|
| | 5/9/2017 | | | SUPREME | | Pine Plains | |

| Party Type | Error / Correction | Name | Date Filed | 3P | Satisfied | Sealed | E-Filing Opt Out |
|---|---|---|---|---|---|---|---|
| Plaintiff | | HUDSON ROBERT | 5/9/2017 | | | | |
| Defendant | | PINE PLAINS TOWN HIGHWAYS SUPERINTENDENT | 5/9/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Party Type | | Name | Date Filed | | | | |
|---|---|---|---|---|---|---|---|
| Defendant | | WILSON HEATHER M | 5/9/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Party Type | | Name | Date Filed | | | | |
|---|---|---|---|---|---|---|---|
| Defendant | | PINE PLAINS SUPERINTENDENT OF HIGHWAYS | 6/13/2017 | | | | |

| | LP Filed Date | Source | | Liber | Page | Satisfied | |
|---|---|---|---|---|---|---|---|
| | 6/13/2017 | | | 119 | 1665 | | |

| Party Type | | Name | Date Filed | | | | |
|---|---|---|---|---|---|---|---|
| Defendant | | VARNEY CARLETON B | 9/19/2017 | | | | |
| Defendant | | VARNEY NICHOLAS L | 9/19/2017 | | | | |
| Defendant | | VARNEY SEBASTIAN | 9/19/2017 | | | | |

| Docket Entry | Date |
|---|---|
| RJI | 5/9/2017 |
| AFFIDAVIT OF SERV OF SUMMONS & COMPLAINT & NOTICE OF PETITION (ENTERED 7/9/2018) | 5/11/2017 |
| LETTER | 5/12/2017 |
| NOTICE OF PENDENCY | 6/13/2017 |
| AFFIDAVIT OF SERV   SUPPORTING PAPERS | 6/13/2017 |
| AMENDED RJI | 6/13/2017 |
| PLAINTIFF'S REPLY      RESPONDENT'S ANSWER       SUPPORTING PAPERS & EXHIBITS | 6/19/2017 |
| PLANTIFFS BILL OF PARTICULARS      SUPPORTING PAPERS & EXHIBITS | 6/26/2017 |
| NOTE OF ISSUE W/ JURY DEMAND & CTF OF READINESS    AFFIDAVIT OF SERV BY MAIL | 6/28/2017 |
| AFFIDAVIT OF MAILING - 2 | 8/4/2017 |
| AFFIRMATION IN SUPPORT OF INTERVENOR VARNEYS MOTION FOR CIVIL CONTEMPT EXHIBIT   AFFIDAVIT OF SERV BY MAILING | 8/17/2017 |
| DECISION & ORDER - SPROAT - 8/22/2017    NOTICE OF MOTION TO INTERVENE & NOTICE OF MOTION FOR CIVIL CONTEMPT    PROPOSED INTERVENOR RESPONDENT'S ANSWER AFFIRMATION IN REPSONSE     SUPPORTING PAPERS & EXHIBITS | 8/23/2017 |
| NOTICE TO COUNTY CLERK AMENDMENT TO CAPTION (ENTERED 7/9/2018) | 9/1/2017 |
| ORDER TO AMEND CAPTION - SPROAT 9/18/217      SUPPORTING PAPERS | 9/19/2017 |
| EXHIBIT | 10/27/2017 |
| NOTICE OF APPEAL W/SUPPORTING PAPERS | 4/10/2018 |
| DECISION  ORDER & JUDGMENT - FORMAN-7/2/2018   NOTICE OF MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT     NOTICE OF PETITION     PETITION UNDER ARTICLE 15 REAL PROPERTY ACTIONS & PROCEEDINGS LAW    PETITION APPLICATION TO COURT PETITIONER S ANSWER   RESPONDENTS RETURN LETTER   PETITIONER S RESPONSE ANSWER    AMENDED ANSWER    ANWER & COUNTERCLAIMS    PETITION UNDER ARTICLE 15 OF REAL PROPERTY ACTION & PROCEEDINGS LAW   PETITIONERS REPLY TO RESPONDENTS MOTION TO DISMISS PETITION     PETITIONERS RESPONSE TO DEFENDANTS MOTION TO DISMISS PETITIONER'S COMPLAINT    APPENDIX OF RECORD SUBMITTED TO TOWN OF PINE PLAINS SUPERINTENDENT OF HIGHWAYS FOR APPLICATION FOR PRIVATE ROAD SUPPORTING PAPERS    EXHIBITS | 7/9/2018 |

| Comment | Date | Liber | Page |
|---|---|---|---|
| ADDING PARTY (LP) | 6/13/2017 | | |

*102*

Dutchess County Clerk's Minutes 03-2017-1074

| CLERKS NOTE: CAPTION INCLUDES PROPOSED PARTIES | 8/23/2017 |
| ADDING PARTY | 9/19/2017 |
| VERIFIED PETITION IS DISMISSED | 7/9/2018 |

3P = Third Party Action
LP = Lis Pendens

*109*

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (7/2012)

SUPREME _____ COURT, COUNTY OF _____

Index No. **2017** -1074   Date Index Issued: 5 | 9 | 17

| For Court Clerk Use Only: |
|---|
| IAS Entry Date |
| Judge Assigned |
| *CAS* |
| RJI Date |
| 5-10-17 |

CAPTION:   Enter the complete case caption. Do not use et al or et ano.  If more space is required, attach a caption rider sheet.

ROBERT HUDSON,
PETITIONER,

Plaintiff(s)/Petitioner(s)

-against-

TOWN OF PINE PLAINS SUPERINTENDENT OF HIGHWAYS, *HEATHER M. WILSON*
RESPONDENT,

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- [ ] Contested
  NOTE:  For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- [ ] Asbestos
- [ ] Breast Implant
- [ ] Environmental: _____
  (specify)
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability: _____
  (specify)
- [ ] Other Negligence: _____
  (specify)
- [ ] Other Professional Malpractice: _____
  (specify)
- [ ] Other Tort: _____  *MSP*
  (specify)

**OTHER MATTERS**
- [ ] Certificate of Incorporation/Dissolution   [see NOTE under Commercial]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other: _____
  (specify)

**COMMERCIAL**
- [ ] Business Entity (including corporations, partnerships, LLCs, etc.)
- [ ] Contract
- [ ] Insurance (where insurer is a party, except arbitration)
- [ ] UCC (including sales, negotiable instruments)
- [ ] Other Commercial: _____
  (specify)
  NOTE:  For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY:**   How many properties does the application include? **2**
- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):   [ ] Residential   [ ] Commercial
  Property Address: _____
  NOTE: For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- [ ] Tax Certiorari - Section: _____ Block: _____ Lot: _____
- [ ] Tax Foreclosure
- [x] Other Real Property: Highway Law Section 300 Private Road
  (specify)

**SPECIAL PROCEEDINGS**
- [ ] CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene: _____
  (specify)
- [ ] Other Special Proceeding: _____

*Ret*
*OTH*
*Disc Due*
*5-10-18*

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | [ ] | [ ] | If yes, date filed: ____/____/____ |
| Has a summons and complaint or summons w/notice been served? | [ ] | [ ] | If yes, date served: ____/____/____ |
| Is this action/proceeding being filed post-judgment? | [ ] | [ ] | If yes, judgment date: ____/____/____ |

*104*

**NATURE OF JUDICIAL INTERVENTION:**        Check ONE box only AND enter additional information where indicated.

☐ Note of Issue and/or Certificate of Readiness
☐ Notice of Medical, Dental, or Podiatric Malpractice        Date Issue Joined: ___/___/___
☐ Notice of Motion        Relief Sought: _____        Return Date: ___/___/___
☐ Notice of Petition        Relief Sought: Private Road        Return Date: ___/___/___
☐ Order to Show Cause        Relief Sought: _____        Return Date: ___/___/___
☐ Other Ex Parte Application
☐ Poor Person Application
☐ Request for Preliminary Conference
☐ Residential Mortgage Foreclosure Settlement Conference
☐ Writ of Habeas Corpus
☐ Other (specify): __ Order to compel Town of Pine Plains Superintendent of Highways to grant
Petitioner's Application for Private Road under Highway law section 300

**RELATED CASES:**   List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases.
If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
| Dist Chase/Smith | | | | |
| | | | | |
| | | | | |

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided.
If additional space is required, complete and attach the RJI Addendum.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | Name: Robert Hudson PETITIONER Role(s): | 254 Hicks Hill Road Stanfordville, N.Y. 12581   8 845 233 1922 | ☐ YES ☐ NO | |
| ☐ | Name: Town of Pine Plains Superintendent, Heather M. Wilson Role(s): | 3284 Route 199 Pine Plains, N.Y. 12567   518-398-6662 e-mail: Highway@Pine Plains NY Gov  cell 518 965 1876 | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name: Role(s): | | ☐ YES ☐ NO | |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: MAY 05, 2017        _Robert Hudson_
        SIGNATURE

_____        ROBERT HUDSON
ATTORNEY REGISTRATION NUMBER        PRINT OR TYPE NAME

2019 MAY -9 PM 2:08
RECEIVED
DUTCHESS COUNTY CLERK'S OFFICE

STATE OF NEW YORK COUNTY OF DUTCHESS, ss: Supreme
I, BRADFORD KENDALL, COUNTY CLERK AND CLERK OF THE SUPREME AND COUNTY COURTS, DUTCHESS COUNTY, DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL THEREOF FILED OR RECORDED IN MY OFFICE ON 5/9/2017   RJI- CM# 2017/1074 AND THE SAME IS A CORRECT TRANSCRIPT THEREOF.
IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL
AUG 2 1 2019
COUNTY CLERK & CLERK OF THE SUPREME & COUNTY COURTS, DUTCHESS COUNTY

FEE NO. 95   20
REQUEST FOR JUD. INTERVENTION
INDEXED BY
2017/1074

# EXHIBIT 5



TOWN OF PINE PLAINS
DUTCHESS COUNTY, NEW YORK

107

# EXHIBIT 6

To the Kind Persons Involved

Enclosed are pictures taken of my 4 Goats & 1 sheep.

The Sheep & Anglo nubean Black Goat was taken.

The Black & Brown goat was missing and the Tan Brown Goat & Black Goat were Killed.

The Black Anglo nubean Goat would always rest under my Home & the Thief of mine had to Pull out the Farm Instruments to get at the Black Anglo nubean.

I Kept the goats well through the winter when I was put in jail for Two months for walking on the road to get to my Estate. I was released on July 6, 2018 & the sheep & goats were well. I Fed them dewormer cut their hoofs and Sheered the sheep and Sprayed them down

I. 109

On July 20, 2018 the Sheep & one Goat were taken.

On August 22 the two other goats were Killed and another taken.

The two goats Killed were carried 50 feet west of my house & I left them there.

The approximate value of the 4 sheep and 4 goats is $2500.00

Sincerly,

Robert Henderson

P.S. For more than 20 years I have Kept the goats on my Agricultural property in the 21 ag district.

Here are two Vet sheets from Vetinarian's Iscac Angel for 10-21-2011

George Hord on 9-22-2000

110

To the Town of Pine Plains Police Department

September 20, 2019

Notice of Theft of Sheep and goats.
NOTICE OF Killing of two goats.
NOTICE OF disappearance of another goat for the total of 4 goats
and one sheep taken or destroyed

On the 16 of July 2019 Robert Hudson came to his home and property on Dutchess County
Real Property Tax Map Grid Number 12-6770-00-285878-00 in the State of New York, County
of Dutchess Town of Pine Plains. At this time all the farm implements that I store under my
home were pulled out from under my house and my Anglo Nubian Goat and my ram sheep were
taken.

On the July 30th 2019 I went to the Sheriffs Office in Poughkeepsie New York to fill out a
complaint but the Sheriff Stated he would not take the complaint but that I had to make the
complaint in the Town of Pine Plains.

The Anglo-Nubian Goat always stayed under my home and the thief had to pull out the
farm implements to get at the Anglo-Nubian Goat.

Again I came to my Home on the 4th of September 1019 and two of my goats were killed and a
third Black Goat with horns was missing.

Subscribed and Sworn to before me this
20th day of September 20 19
Notary Public

Sincerely Yours,
Robert Hudson
Robert Hudson
254 Hicks Hill Road
Stanfordville, New York 12581

Deo Dominick Liberatore
Notary Public, State of New York
No. 01LI6281468
Qualified in Dutchess County
Commission Expires: 05/13/21

111

New York State Department of Agriculture and Markets
ivision of Animal Industry - 1 Winners Circle, Albany, NY 12235

## EXHIBITION CERTIFICATE OF VETERINARY INSPECTION
### (NOT to be used for INTERSTATE movement)

Owner **ROBERT HUDSON**   County **DUTCHESS**   Species **CAPRINE**
One Species Per Certificate

Address **257 HICKS HILL RD, STANFORDVILLE, NY**

| | ONE ANIMAL PER LINE — ALL ANIMALS MUST HAVE INDIVIDUAL IDENTIFICATION — ALL MAN MADE ID MUST BE RECORDED | | | | | Rabies Vaccination Product: ____ Check appropriate box(es) | | | | | Bovine Resp. Complex Vacc. Product: |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ANIMAL IDENTIFICATION | Breed | Sex | Age | | DATE | 1 yr. | 3 yr. | Booster | | CATTLE ONLY DATE |
| 1. | NYCC9/1007, NYCP7841 | Nub | F | 4yr | | | | | | | |
| 2. | NYCC9/1006, NYCP7840 | | | | | | | | | | |
| 3. | NYCFT2/3001 | | | | | | | | | | |
| 4. | NYCFT2/2008 | | | | | | | | | | |
| 5. | NYCP7881 | | | | | | | | | | |
| 6. | NYCP7707 | | | | | | | | | | |
| 7. | NYBY9380 | Boer | | | | | | | | | |
| 8. | NY75414/1207 | | | | | | | | | | |
| 9. | NS 1057 | TOG | | | | | | | | | |
| 10. | NS 1052 | | | | | | | | | | |
| 11. | | | | | | | | | | | |
| 12. | | | | | | | | | | | |

Date of last TB herd test (deer, llamas) _____

Goat/Sheep/Swine Certification - I have inspected the flock/herd of origin and certify that there was no evidence of contagious disease in the flock/herd at the time of my inspection.

Signature of Veterinarian _____   Date of Inspection **9/22/08**

I certify, as an accredited veterinarian, that the above described animals have been inspected by me on (date) _____ and that they are not showing signs of infectious, contagious and or communicable disease. The owner has been advised of vaccine, drug and other preparation withholding times where applicable.

Signature of Accredited Veterinarian _____   Address **PINE PLAINS, NY 12567**   **9/22/08** Date

FOR OFFICIAL USE ONLY

Distribution: original to owner, copy to veterinarian

NYS Dept of Agriculture & Markets - Division of Animal Industry – 10B Airline Drive, Albany, NY 12235

**EXHIBITION CERTIFICATE OF VETERINARY INSPECTION**

(NOT to be used for INTERSTATE movement)

A - 45287

Owner _____ Robert Hudson

Address _____ 254 Hicks Hill Rd, Stanfordville, NY 12581

County: Dutchess

Species: Caprine
One Species Per Certificate

Premises ID Number: _____

ONE ANIMAL PER LINE
ALL ANIMALS MUST HAVE INDIVIDUAL IDENTIFICATION
ALL MAN MADE ID MUST BE RECORDED

| | ANIMAL IDENTIFICATION | Breed | Sex | Age | Rabies Vaccination — Product: Check appropriate boxes — DATE | 1 yr. | 3 yr. | Booster | Bovine Resp. Complex Vacc. Product: CATTLE ONLY — DATE | BVD-PI Test Negative CATTLE ONLY — Test Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 1007 | Nubian | F | 6yrs | | | | | | |
| 2. | 1071 | Alpine | M | 9mo | | | | | | |
| 3. | NY110908 1003 | Togg | F | 6yrs | | | | | | |
| 4. | NY110908 10D1 | Nubian | F | 2yrs | | | | | | |
| 5. | NYCP7707 | Mixed Breed | F | 3.5yrs | | | | | | |
| 6. | NY110908 1002 | Red Nubian | F | 2yrs | | | | | | |
| 7. | 3190 | Togg | F | 6yrs | | | | | | |
| 8. | 1052 | Alpine | F | 5yrs | | | | | | |
| 9. | 3001 | Alpine | F | 5yrs | | | | | | |
| 10. | | Alpine | F | 6yrs | | 6 yr old female Togg appears to have CAE | | | | |
| 11. | | | | | | | | | | |
| 12. | | | | | | | | | | |

I certify, as an accredited veterinarian, that the (no.) ____9____ above described animals have been inspected by me and they are not showing signs of infectious, contagious and/or communicable disease. The owner has been advised of vaccine, drug and other preparation withholding times where applicable. For certificates issued for goats and sheep, I certify that I have inspected the flock/herd of origin and there was no evidence of contagious disease in the flock/herd at the time of inspection.

Veterinarian Signature: _Isaac Angell_     Printed Name of Veterinarian: _Isaac Angell_     NYS Vet. ID #: _____

Address: __2826 Church St, Pine Plains, NY 12567__     Inspection Date: __10/21/11 and 12/07__

O54854

**FOR OFFICIAL USE ONLY:**

Distribution: original to owner, copy to veterinarian

113





114









# EXHIBIT  7

117

117



Dutchess County Clerk denying Petition for Registration

OFFICE OF

# THE COUNTY CLERK OF DUTCHESS COUNTY

COUNTY OFFICE BUILDING
POUGHKEEPSIE, NEW YORK 12601
Telephone (914) 485-9797

WILLIAM R. STEINHAUS
County Clerk

AL McENROE
Deputy County Clerk

August 31, 1983

Mr Robert Hudson
3120 Hull Avenue
Bronx  New York  10467

Re:  Index #1982/4743

Dear Mr Hudson:

There is returned unrecorded the following:

1.) Petition for registration of title
2.) Certified copy of Deed - Dutchess County to
    Robert Hudson (L 1515 P 632)
3.) Certified copy of Deed - Dutchess County to
    Robert Hudson (L 1515 P 634)
4.) Typewriten copy of Deed (not conformed or certified)
    N.M. Waltermire to E.J. Wright & wf (L 223 P 157)
5.) Copy of Deed (Malcolm C Simmons & wf to Thomas K
    Wang & wf (L 1114 P 731)
6.) Postal money order payable to Dutchess County Clerk
    in the amount of $42.70.

In accordance with Article 12, Section 379 (Par h) of
the Real Property Law - "with said petition shall be
filed an abstract of title or search of the real property
described in the petition...".  Such abstract is not
attached to the petition.

Sincerly yours,

William R. Steinhaus

William R Steinhaus

Copy:  Dutchess County Attorney's Office
       (Ian MacDonald, Esq)

118

Judge Gagliardi's Call To Set Trial Date

*index #4743*

N O T I C E   T O   B A R

SUPREME COURT  -  DUTCHESS COUNTY

SUMMER TRIALS - 1983

*Date Robert Hudson appeared*

*addressed Judge Gagliardi*

On Tuesday, June 28, 1983, at 10:00 A.M., in the Trial Term, Part I courtroom of the Supreme Court, Dutchess County, the Administrative Judge will conduct a Special Calendar Call of all cases appearing on all Ready Day calendars.

The purpose of the call will be to set matters down for trial during July and August. Counsel must be familiar with the availability of their clients and witnesses as well as their own vacation plans. While every effort will be made to accommodate those involved, once a date is set, no departures will be countenanced unless fully documented excuses are presented in affirmation form to the Administrative Judge.

Answering services will not be recognized on this calendar call.

JOSEPH F. GAGLIARDI
Administrative Judge
Ninth Judicial District
Courthouse, White Plains

Dated: May 25, 1983
White Plains, New York

---

N O T I C E   T O   B A R

M E M O R A N D U M

*index #4743*

All lawyers who have cases pending on the Ready Day calendar please furnish me, in writing at their earliest convenience, the exact and precise dates of their vacation plans during July and August.

JOSEPH F. GAGLIARDI
Administrative Judge
Ninth Judicial District
Courthouse, White Plains

Supreme Court
Dutchess County

June 13, 1983

You have one or more cases on the Ready Day Calendar in Supreme Court, Dutchess County, which will be called on Tuesday, June 28 at 10:00 A.M. at the courthouse in Pough-keepsie.

You absent yourself from this call at your peril. Cases will be set down for trial between June 27 and September 9, 1983, and therefore counsel must be familiar with the avail-ability of all concerned.

Trial dates are sacrosanct. Applications for adjourn-ments thereof must be made before the undersigned in affir-mation form on fully documented papers.

Answering services will not be recognized.

Administrative Judge
Ninth Judicial Distric

*119*

NO. 86-586

IN THE
SUPREME COURT OF THE UNITED STATES
TERM, 1986



RECEIVED
HAND DELIVERED
DEC 2 6 1986
OFFICE OF THE CLERK
SUPREME COURT, U.S.

ROBERT HUDSON,
            Petitioner,

VS.

JAMES EDGETT AND THE PEOPLE OF THE
STATE OF N.Y., Respondent.

PETITION FOR REHEARING

INDEX:

Notice of Appeal to U.S.
Supreme Court
July 19, 1986 ............... 1a

Complaint Tranferred from
Pine Plains Town Court to
Town of Milan
May 19, 1982 ............. 2a

Submission of Complaint to
N.Y.S. Supreme Court from
Milan Town Court
June 10, 1983 ........... 3a

Dismissal of Complaint from
Supreme Court, Dutchess Co.
August 10, 1983 ............. 4a

# EXHIBIT 8

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

October 13, 1992

Mr. Robert Hudson
Tonetta Lake Park
Brewster,  NY 10509

Re:  Robert Hudson
v. New York
No.  92-5542

Dear Mr. Hudson:

The Court today entered the following order in the above entitled case:

The motion of petitioner for leave to proceed in forma pauperis is denied. Petitioner is allowed until November 3, 1992, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33 of the Rules of this Court. Justice Blackmun and Justice Stevens, dissenting: For the reasons expressed in Brown v. Herald Co., Inc., 464 U. S. 928 (1983), we would deny the petition for a writ of certiorari without reaching the merits of the motion to proceed in forma pauperis.

Very truly yours,

William K. Suter

William K. Suter, Clerk

122

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

October 13, 1992

Mr. Robert Hudson
Tonetta Lake Park
Brewster, NY 10509

Re: Robert Hudson
v. New York
No. 92-5542

Dear Mr. Hudson:

The Court today entered the following order in the above
entitled case:

The motion of petitioner for leave to proceed in forma
pauperis is denied. Petitioner is allowed until November 3,
1992, within which to pay the docketing fee required by Rule
38(a) and to submit a petition in compliance with Rule 33 of
the Rules of this Court. Justice Blackmun and Justice Stevens,
dissenting: For the reasons expressed in Brown v. Herald Co.,
Inc., 464 U. S. 928 (1983), we would deny the petition for a
writ of certiorari without reaching the merits of the motion to

Clerk

Kim Kinirons

UNITED STATES POSTAL MONEY ORDER   15-800
000

47401165743 921028 104673 *300*00

SERIAL NUMBER        YEAR, MONTH, DAY        POST OFFICE        U.S. DOLLARS AND CENTS

CHECKWRITER
IMPRINT AREA        $$300

TO: The Supreme Court of
the United States
ADDRESS: Washington D.C.

FROM: Robert Hudson
ADDRESS: Tonetta Lake Park
Brewster, NY 10509

:000000800 2:   47401165743III   123