UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROBERT HUDSON,

                    Plaintiff,

-against-

PETER FORMAN, Dutchess County Judge;
MICHAEL HAYES, Dutchess County
Supreme Court Surrogate's Judge; THE
DUTCHESS COUNTY CLERK; THOMAS
ANGELL, Dutchess County Public Defender,
Attorney; DUTCHESS COUNTY
ATTORNEY; THE COUNTY OF
DUTCHESS; DUTCHESS COUNTY
DISTRICT ATTORNEY,

                    Defendants.

19-CV-11192 (VB)

ORDER OF DISMISSAL

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, appearing *pro se,* brings this action alleging Defendants violated his federal constitutional rights. Plaintiff paid the filing fee to initiate this action. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is

obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts can be ascertained from Plaintiff Robert Hudson's 123-page amended complaint, which is not a model of clarity. In 1979, Plaintiff purchased real property at a Dutchess County "Delinquent Tax Land Sale." (ECF No. 11, at 5.) Plaintiff's land abuts a parcel of land owned by the Varney family. Plaintiff's parcel is land-locked, but the Varney property can be accessed by Hicks Hill Road. (*Id.* at 75.) Plaintiff has had an ongoing dispute with the Varneys for decades, and has been involved in numerous civil and criminal proceedings in Dutchess County related to the property.

### A. Litigation History

A 2017 order from the Dutchess County Supreme Court, which Plaintiff attaches to the amended complaint, sets out the following litigation history. (*See* ECF No. 11, at 75-78]

In 1984, the Varney family sued Plaintiff in Dutchess County Supreme Court for trespass. *Varney v. Hudson*, Index No. 2300/1984. Judge Beisner rejected Plaintiff's claim that he had an easement over the Varney property based on the original land grant, and granted the Varneys' application to permanently enjoin Plaintiff from trespassing on their property.

On August 16, 1989, Pine Plains Town Judge George L. Tenore found Plaintiff guilty of trespass and directed him to "strictly adhere" to the December 21, 1984 order enjoining him from trespassing on the Varney property.

On October 26, 1989, Plaintiff was again charged with trespass. He again argued that the original land grant, issued in the mid-1700s, entitled him to an easement over the Varneys'

2

property. Following expert testimony refuting Plaintiff's easement claim, the jury convicted him, and Judge Tenore sentenced him to three years' probation, with a special condition prohibiting Plaintiff from trespassing on the Varney property.

On August 31, 1990, Plaintiff commenced an action, *Hudson v. Varney*, Index No. 3717/1990, seeking a declaration that he benefitted from an easement over the Varney property. On July 18, 1991, Judge Jiudice granted the Varneys' motion to dismiss, holding that res judicata and collateral estoppel barred Plaintiff from relitigating his easement claim. The Appellate Division affirmed. *Hudson v. Varney*, 196 A.D.2d 856 (2d Dep't 1993).

Plaintiff continued to be arrested for trespassing on the Varney property. In 2017, the Town Court of the Town of Amenia convicted Plaintiff of criminal trespass in the third degree.

In March 2017, Plaintiff filed an application to establish a private road across the Varney property, pursuant to Highway Law § 300's private condemnation provisions.

On May 15, 2017, Amenia Town Judge Norman Moore sentenced Plaintiff to 90 days' incarceration and issued a final order of protection prohibiting Plaintiff from entering the Varney property.

On July 2, 2018, the New York Supreme Court, Dutchess County, denied Plaintiff's petition for a writ of mandamus to require the Town of Pine Plains to grant his petition for a private road.

## B. Current Action

Plaintiff brings this current action regarding another criminal prosecution in the Dutchess County Court. On October 23, 2019, a jury in the Dutchess County Court convicted Plaintiff of

criminal mischief in the second degree, two counts of criminal contempt in the first degree, and one count of criminal contempt in the second degree.[1]

Plaintiff alleges that Dutchess County Judge Peter Forman, who presided over Plaintiff's 2019 criminal trial, deprived him of his right to assert certain defenses and to introduce evidence at trial. Plaintiff asserts that he "was not allowed any witnesses," was "not allowed to speak of any road," to submit a tax map, "or to submit Defendant's deeds or to speak of any defense by title, or adverse possession of the" road that he claimed a right to use. (*Id.* at 9.) Plaintiff further alleges that Judge Forman denied his request for an extension of time to subpoena witnesses and prepare for trial. (*Id.* at 13.)

Plaintiff states that, "on or about the 21 of May 2017,"[2] he was ordered to appear before Dutchess County Surrogate Judge Michael G. Hayes[3] in connection with "[c]riminal case 00136." (*Id.* at 6.) Plaintiff alleges that the court assigned him a new public defender and Judge Hayes "ordered [Plaintiff] not to file any documents in the Dutchess County Criminal Court Case 00136 without first having approval of the Public Defender." (*Id.* at 6.)

Plaintiff further alleges that his court-appointed attorney, Thomas Angell from the Dutchess County Public Defender's office, "denied Robert Hudson the right to sign Robert Hudson's 9 subpoenas; to have defendants 9 witnesses subpoenaed to court to testify against the charge of trespass by adverse possession." (*Id.* at 6.)

---

[1] According to public records of the New York State Unified Court System, Plaintiff is currently released on his own recognizance and is awaiting sentencing.

[2] The date provided by Plaintiff, May 21, 2017, appears to be incorrect. Public records of the New York State Unified Court System indicate that Plaintiff was arrested in connection with case 00136-2018 on July 3, 2018, and Plaintiff's amended complaint states that he was arraigned on the charge of trespass in June 2018, and was indicted by a grand jury on the charge of criminal trespass in December 2018. (*See* ECF No. 11, at 3.)

[3] Public records indicate that Judge Hayes also serves as Acting County Court Judge in Dutchess County.

Plaintiff also sues the Dutchess County Clerk (Bradford Kendall). His sole allegation against the Clerk appears to be that the Clerk refused to sign a summons in Plaintiff's Dutchess County Supreme Court action. (*Id.* at 20.)

Plaintiff seeks money damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A. Claims against Judges Forman and Hayes and the Dutchess County Clerk

As Plaintiff has repeatedly been advised, judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

This immunity also applies to government officials for their acts that assist a judge in the performance of his or her judicial duties. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988). In the State of New York, a County Clerk's duties include those of a state-court clerk. *See* N.Y. Const. Art. VI, § 6(e); N.Y. County Law § 525(1); *Olmstead v. Meahl*, 219 N.Y. 270, 275 (1916); *Ashland Equities Co. v. Clerk of N.Y. Cty.*, 110 A.D. 2d 60, 61-64 (1st Dep't 1985); *see also Diaz v. Pataki*, 368 F. Supp. 2d 265, 271 (S.D.N.Y. 2005) (quoting *Ashland Equities Co.*,

5

110 A.D. 2d at 63) (holding that the Bronx County Clerk's "'primary function' is to 'serve as clerk of the Supreme Court' of Bronx County, a state court"), *aff'd sub nom., Diaz v. Paterson*, 547 F.3d 88 (2d Cir. 2008).

Plaintiff's § 1983 claims against Judges Forman and Hayes arise from their decisions while presiding over Plaintiff's state-court criminal and civil actions. The judges' decisions are therefore judicial acts for which they are immune from suit under § 1983.

Plaintiff's § 1983 claims against the Dutchess County Clerk arise from the Clerk's alleged refusal to sign a summons in Plaintiff's civil case in the Dutchess County Supreme Court. This falls within the scope of the Clerk's judicial responsibilities, and the Clerk is therefore immune from suit under § 1983 for this action. *See Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (unpublished opinion) (court clerk protected by absolute judicial immunity for her refusal to issue a summons); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("[C]lerks are entitled to [absolute judicial] immunity for their alleged refusal of appellant's document request" after the Second Department denied the appellant's motion to expand the record on appeal).

Moreover, Plaintiff has previously brought the same or similar claims, which have been rejected. *See Hudson v. Forman*, ECF 7:19-CV-1830, 20 (S.D.N.Y. Apr. 8, 2019) (holding that Dutchess County Clerk's "alleged refusal to issue Plaintiff a summons" fell "within the scope of judicial responsibilities [and he] is therefore immune from suit under § 1983").

The Court therefore dismisses Plaintiff's § 1983 claims against Judges Forman and Hayes, and against the Dutchess County Clerk, under the doctrine of judicial immunity and as frivolous. *See Montero*, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is

clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      Claims against the Dutchess County District Attorney**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against the Dutchess County District Attorney are based on actions within the scope of Defendant's official duties and associated with the conduct of a trial. The Court therefore dismisses Plaintiff's § 1983 claims against the Dutchess County District Attorney because they seek monetary relief against a defendant who is immune from suit.

**C.      Claims against Thomas Angell**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative,

7

*see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983). As Defendant Thomas Angell is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this Defendant under § 1983. The Court therefore dismisses Plaintiff's claims against Thomas Angell.

### D. Claims against Dutchess County

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff has not alleged any facts to suggest that Dutchess County has a policy, custom, or practice that caused a violation of this rights. The Court therefore dismisses Plaintiff's claims against Dutchess County for failure to state a claim on which relief may be granted.

E.  **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## WARNING

This is at least the fourth action brought by Plaintiff regarding his 2018 criminal case that this Court has dismissed. *See Hudson v. Forman*, ECF 1:19-CV-9637 (S.D.N.Y. Nov. 25, 2019) (dismissing as frivolous Plaintiff's claims against Judge Forman, the Dutchess County Clerk, Dutchess County, and the State of New York); *Hudson v. Kindall*, ECF 7:19-CV-1830 (S.D.N.Y. Apr. 8, 2019) (dismissing as frivolous Plaintiff's claims against, *inter alia*, Judge Forman, Dutchess County Clerk, Dutchess County Attorney); *Hudson v. Cty. of Dutchess*, ECF 1:18-CV-12194 (S.D.N.Y. Feb. 8, 2019) (abstaining under *Younger* doctrine from hearing Plaintiff's claims seeking intervention in his pending criminal matter, and dismissing claims against

Dutchess County Judges McLoughlin and Warhit, the Dutchess County Clerk, and the Dutchess County District Attorney).

In addition to those actions directly related to his 2018 criminal case, Plaintiff has filed numerous other nonmeritorious *pro se* actions in this Court. *See, e.g., Hudson v. New York*, No. 02-CV-6600 (S.D.N.Y. May 12, 2003, *aff'd*, 84 F. App'x 135, 136 (2d Cir. 2004) (summary order) (dismissing Plaintiff's claims under the doctrines of, *inter alia*, Eleventh Amendment and judicial immunity); *Hudson v. Cty. of Dutchess*, ECF 7:12-CV-5548, 165 (S.D.N.Y. July 20, 2017) (dismissing Plaintiff's § 1983 claims against Dutchess County after allowing Plaintiff six opportunities to amend his complaint).

In dismissing Plaintiff's previous actions, the Court has repeatedly warned Plaintiff that further duplicative or vexatious litigation will result in the Court barring Plaintiff from filing any future civil actions in this Court IFP without first receiving the Court's permission. *See Hudson*, ECF 1:19-CV-9637 (Doc. #5 at 11); *Hudson*, ECF 7:19-CV-1830 (Doc. #20 at 7-8) (noting Plaintiff's litigation history and finding that "Plaintiff was or should have been aware that many, if not all, of his federal claims in this action are frivolous").

The Court here warns Plaintiff that further repetitive and vexatious litigation in this Court will result in an order barring Plaintiff from filing any new civil action concerning the subject of this action, that is, the ongoing property dispute with his neighbors, without prior permission from the Court.

## CONCLUSION

Plaintiff's complaint is dismissed under the doctrines of Eleventh Amendment immunity, prosecutorial immunity, judicial immunity, for failure to state a claim on which relief may be granted, and as frivolous.

The Court declines to exercise its supplemental jurisdiction over any state-law claims

Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

In addition, the motion to dismiss filed by defendants Dutchess County Clerk, Thomas Angell, Dutchess County Attorney, the County of Dutchess, and Dutchess County District Attorney is DENIED AS MOOT.

The Court warns Plaintiff that further duplicative and vexatious litigation in this Court will result in an order barring Plaintiff from filing any new civil action concerning the subject of this action, that is, the ongoing property dispute with his neighbors, without receiving prior permission from the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to (i) mail a copy of this Order to Plaintiff and note service on the docket, (ii) terminate the motion (Doc. #21), and (iii) close this case.

SO ORDERED.

Dated: January 17, 2020
        White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge